UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

STATE OF NEW YORK, and

STATE OF FLORIDA,

    Plaintiffs,

v.

THE TAX CLUB, INC., et al.,

    Defendants, and

SANDRA C. SAVAGE,

    Relief Defendant.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/13

Case No. 13-CV-210 (JMF)

**STIPULATED PRELIMINARY INJUNCTION ORDER**

    Plaintiffs Federal Trade Commission ("FTC" or "Commission"), and the State of New York and State of Florida, through their Attorneys General, have filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), and moved for an order to show cause why a preliminary injunction should not issue pursuant to Rule 65 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 65, and on consent of Plaintiffs, Defendants and the Relief Defendant, the Court hereby finds as follows:

1. This Court has jurisdiction over the subject matter of this case.
2. The FTC is an independent agency of the United States of America and no security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this preliminary injunction order, the following definitions apply:

1. **"Asset"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, mail or other deliveries, shares of stock, securities, trusts, including but not limited to asset protection trusts, contracts, lists of consumer names, inventory, checks, notes, accounts, credits, receivables, funds, and all cash and currency, and reserve funds or other accounts associated with any payments processed on behalf of any Defendant, including, but not limited to, such reserve funds held by a payment processor, credit card processor, or bank, wherever located.

2. **"Corporate Defendants"** means The Tax Club, Inc., also doing business as Success Merchant Services, Corporate Tax Network, Corporate Credit, and E-tax Hotline 8882790191; Manhattan Professional Group, Inc., also doing business as The Tax Club, Bookeeping Services, Bookkeeping Services, Ikongo, Essential Planning, Corporate Tax Network, Business Document Center, the Success Planning Group, All Access Books, and Vital Payroll; 5410, Inc., also doing business as Internet Marketing Success, the Success Planning Group, Success Planning Group 2, Success Online, Business Credit, Success Merchant Processing, Real Estate Wire, Day Trade Team, Funding Fasttrack, Corporate Credit, Corporate Credit 2, and Prestige Financing Services; Marble Base, Inc., also doing business as Business Resources, Corporate Solutions, Business Success, Business Services, Online Development, and Jade Seek; 6015, LLC, also doing business as Cypress Corp. Services, My Tax Service, and Accounting Group Services;

2

1800Accountant, LLC; Ikongo, Inc.; Tahuya, Inc.; Visavis, Inc.; HB Marketing Services, LLC, also doing business as Global Education, Website Services, Cell Phone Coaching, Maverick MM, and Email Cash; Premier Coaching & Consulting, LLC, also doing business as Premier Coaching, Website Services, AC Secrets: 8774372521, Automatic Profit System, Advanced Profits, VIP Profits, Automatic Profit System VIP, and Automatic Profit System Advanced; Skorpios Holdings, Inc., also known as Skorpios Holding, Inc., and any fictitious business entities or business names created or used by these entities.

3. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

4. **"Document"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3

5. **"Individual Defendants"** means Edward B. Johnson, also known as Ted Johnson, also known as Tedd Johnson; Michael M. Savage; Brendon A. Pack; and Gary J. Milkwick.

6. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

7. **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission"), the State of New York, and the State of Florida.

8. **"Relief Defendant"** means Sandra C. Savage.

9. **"Representatives"** means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

10. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### I.    PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any business development product or service, Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, legal affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from:

4

A. Making, or assisting others in making, any false or misleading statement or misrepresentation of material fact, including, but not limited to:

1. representing, directly or indirectly, expressly or by implication that consumers who purchase Defendants' business development products and services:

    a) will recoup the cost of Defendants' products and services through business earnings or tax deductions;

    b) will be able to transfer the cost of Defendants' products and services to their future businesses; or

    c) are likely to earn substantial income;

2. misrepresenting, directly or indirectly, expressly or by implication that they will provide various business development products and services to their customers, but not providing such services, including but not limited to one or more of the following:

    a) unlimited access to tax and/or business advisors who will provide specialized expert advice tailored to the consumers' specific needs;

    b) individualized business plans tailored to the consumer's particular business; and

    c) specialized assistance necessary to develop and obtain business credit;

3. misrepresenting, directly or indirectly, expressly or by implication that:

5

      a)    the Defendants are calling consumers on behalf of or at the direction of companies that recently sold consumers a business development product or service ("lead sources"); or

      b)    consumers will recoup the money they already paid to other companies for business development products and services if they purchase additional products and services from the Defendants.

4.    representing that Defendants' programs are integral to implementing the business development services the consumer already purchased from the lead source;

5.    representing that consumers must supplement the products and services they already purchased from Defendants with additional products and services in order to establish a profitable business; or

6.    representing that consumers will not be able to establish a profitable business without the purchase of Defendants' products and services.

## II.

### PROHIBITIONS AGAINST ABUSIVE TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Defendants and their Representatives are hereby preliminarily restrained and enjoined from failing to disclose truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call, in violation of Section 310.4(d)(1), (2), and (3) of the TSR, 16 C.F.R. §§ 310.4(d)(1), (2), and (3); (1) the identity of the seller; (2) that the purpose of the call is to sell services; and (3) the nature of those services.

### III.

### NO ASSET TRANSFER OUTSIDE ORDINARY COURSE

**IT IS FURTHER ORDERED** that Defendants may not transfer any assets except in the ordinary course of business or, in the case of the Individual Defendants, for ordinary personal and business expenses. Ordinary expenses shall include legal or other expenses incurred in connection with this action.

### IV.

### PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents that relate to the business, business practices, assets, or business or personal finances of any Defendant or the Relief Defendant.

### V.

### MONITORING PROGRAM

**IT IS FURTHER ORDERED** that Defendants Savage and Pack shall establish and maintain a joint account (the "Savage/Pack Account") through which they agree to fund the sales call monitoring program described below; and it is further

**ORDERED** that, in addition to the Corporate Defendants' existing internal monitoring procedures, the Corporate Defendants shall record and retain every sales, customer service,

7

billing, save, and fulfillment call with customers (the "Subject Calls") and shall provide access to an independent third party firm (the "Monitor") to develop and conduct a monitoring program (the "Monitoring Program") for the Subject Calls; and it is further

**ORDERED** that the Monitoring Program will include a randomized monitoring of the Subject Calls, that the Corporate Defendants shall provide the Monitor with a copy of this Preliminary Injunction Order, and that the Monitor shall review the Subject Calls for any violations of Sections I and II (at pages four through six) of this Preliminary Injunction Order or of the sale restriction set forth in the last paragraph of this Section concerning new sales to consumers over 65 years of age; and it is further

**ORDERED** that the Monitor shall be directed to prepare periodic reports, on at least a weekly basis (the "Periodic Reports"), to be provided to both the Plaintiffs and the Corporate Defendants simultaneously. The Periodic Reports will summarize the number of calls monitored, the Monitor's conclusions as to whether there were any violations of this Preliminary Injunction Order, and a description of any such violation; and it is further

**ORDERED** that Corporate Defendants shall hire additional internal staff, if necessary, to liaise with the Monitor and facilitate its access to records and recordings; however, all monitoring under this Order shall be conducted solely by the external Monitor; and it is further

**ORDERED** that Defendants Savage and Pack shall, through the Savage/Pack Account, pay for all costs associated with the hiring and engagement of the Monitor and any additional internal staff necessary to liaise with the Monitor; and it is further

**ORDERED** that Defendants Savage and Pack shall serve Plaintiffs with account statements for the Savage/Pack Account on a weekly basis; and it is further

**ORDERED** that the Corporate Defendants shall serve Plaintiffs with all billing invoices from the Monitor within 72 hours of receipt; and it is further

**ORDERED** that the Corporate Defendants may only initiate telephone contact with (i) existing businesses and (ii) individuals not known to be over the age of 65 after reasonable due diligence is done, for the purpose of selling tax, accounting, bookkeeping, business planning, compliance and incorporation services. Notwithstanding the foregoing, to the extent that a Corporate Defendant determines during the sale or compliance process that an individual is over the age of 65, they may provide the URL for the Corporate Defendants' website and any purchase of services from those websites shall not be prohibited by this Order. In no event shall the Corporate Defendants be prohibited from selling these services to any individual or business who initiates contact with, or affirmatively expresses consent to be contacted by, any of them.

## VI.

### NONINTERFERENCE WITH CONSUMER WITNESSES

**IT IS FURTHER ORDERED** that:

A. Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, that may result in the intimidation and noncooperation of consumer witnesses, including, but not limited to:

1. Requiring consumers seeking a refund to sign an agreement preventing them from providing information about Corporate Defendants or sharing their experiences with Corporate Defendants;

2. Enforcing such agreements; or

3. Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in the intimidation or noncooperation of consumers or potential witnesses; for the avoidance of doubt, this shall not prohibit Defendants from communicating directly with such consumers or potential witnesses, or sending or serving any type of subpoena, notice of deposition, or other legal process or communication as part of this litigation or any other litigation involving any of the Defendants;

B. Consumers may cooperate with the Plaintiffs without regard to any existing agreement preventing consumers from communicating with outside parties about Corporate Defendants.

## VII.

### NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that the Individual Defendants, other than Edward Johnson, are each hereby preliminarily restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, other than the Corporate

10

Defendants without first serving on counsel for the Plaintiffs a written statement disclosing the following:

    A.    The name of the business entity;

    B.    The address and telephone number of the business entity;

    C.    The names of the business entity's officers, directors, principals, managers and employees; and

    D.    A detailed description of the business entity's intended or actual activities.

## VIII.

### NO ACTION TO ENCOURAGE OTHERS TO DISREGARD ORDER

**IT IS FURTHER ORDERED** that Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions, to the extent applicable.

## IX.

### CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiffs shall be addressed to:

> Ann F. Weintraub
> Darren Lubetzky
> Savvas Diacosavvas
> Federal Trade Commission
> Northeast Region
> 1 Bowling Green, Suite 318
> New York, NY 10004
> Telephone: 212-607-2829

11

FAX: 212-607-2822
Email: aweintraub@ftc.gov
dlubetzky@ftc.gov
sdiacosavvas@ftc.gov

Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone: 407-234-0833
FAX: 407-245-0365
Email: Robert.Clements@myfloridalegal.com

Judy S. Prosper
Guy H. Mitchell
Jane M. Azia
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, NY 10601
Telephone: 914-422-8824
FAX: 914-422-8706
Email: Judy.Prosper@ag.ny.gov
Email: Guy.Mitchell@ag.ny.gov
Email: Jane.Azia@ag.ny.gov

## X.

## DURATION OF PRELIMINARY INJUNCTION ORDER

**IT IS FURTHER ORDERED** that, except as ordered by this Court, this Preliminary Injunction Order shall remain in effect until a final disposition is reached in this action.

## XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of enforcing this Order.

_____
Darren Lubetzky
Ann F. Weintraub
Savvas Diacosavvas
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, New York 10004
Tel: 212-607-2829
Fax: 212-607-2822

*Counsel for Plaintiff Federal Trade Commission*


_____
Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Tel: 407-245-0833
Fax: 407-245-0365

*Counsel for Plaintiff State of Florida*


_____
Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706

*Counsel for Plaintiff State of New York*


_____
Pamela Jones Harbour
Judith A. Archer
Peter Guirguis
Sarah E. O'Connell

13

Darren Lubetzky
Ann F. Weintraub
Savvas Diacosavvas
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, New York 10004
Tel: 212-607-2829
Fax: 212-607-2822

*Counsel for Plaintiff Federal Trade Commission*

Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Tel: 407-245-0833
Fax: 407-245-0365

*Counsel for Plaintiff State of Florida*


Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706

*Counsel for Plaintiff State of New York*

Pamela Jones Harbour
Judith A. Archer
Peter Guirguis
Sarah E. O'Connell

13

---

Darren Lubetzky
Ann F. Weintraub
Savvas Diacosavvas
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, New York 10004
Tel: 212-607-2829
Fax: 212-607-2822

*Counsel for Plaintiff Federal Trade Commission*

---

Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Tel: 407-245-0833
Fax: 407-245-0365

*Counsel for Plaintiff State of Florida*

---

[signature]

Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706

*Counsel for Plaintiff State of New York*

---

Pamela Jones Harbour
Judith A. Archer
Peter Guirguis
Sarah E. O'Connell

13

Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400

*Counsel for Defendants The Tax Club,
Inc., Manhattan Professional Group, Inc.,
5410, Inc., Marble Base, Inc., 6015 LLC,
1800Accountant, LLC, Ikongo, Inc.,
Tahuya, Inc., Visavis, Inc., HB
Marketing Services, LLC, Premier Coaching
and Consulting LLC, Skorpios Holdings,
Inc., Michael M. Savage, Brendon A. Pack,
Gary J. Milkwick, and Sandra C. Savage,
Relief Defendant*

_____
Jeffrey D. Knowles
Roger A. Colaizzi
Michael C. Hartmere
Venable LLC
575 7th Street, N.W.
Washington, DC 20004
Tel: 202-344-4000
Fax: 202-344-8300

*Counsel for Defendant Edward B. Johnson*


**SO ORDERED.**

Dated: _____, 2013


_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400

*Counsel for Defendants The Tax Club,
Inc., Manhattan Professional Group, Inc.,
5410, Inc., Marble Base, Inc., 6015 LLC,
1800Accountant, LLC, Ikongo, Inc.,
Tahuya, Inc., Visavis, Inc., HB
Marketing Services, LLC, Premier Coaching
and Consulting LLC, Skorpios Holdings,
Inc., Michael M. Savage, Brendon A. Pack,
Gary J. Milkwick, and Sandra C. Savage,
Relief Defendant*

---

Jeffrey D. Knowles
Roger A. Colaizzi
Michael C. Hartmere
Venable LLC
575 7th Street, N.W.
Washington, DC 20004
Tel: 202-344-4000
Fax: 202-344-8300

*Counsel for Defendant Edward B. Johnson*

**SO ORDERED.**

Dated: February 8, 2013

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

14