UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF NEW YORK, and STATE OF FLORIDA,<br><br>      Plaintiffs,<br><br> -against-<br><br>THE TAX CLUB, INC., *et al.,*<br><br>      Defendants. | Civil Action No.: 1:13-cv-210 (JMF) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EDWARD B. JOHNSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

                 Jeffrey D. Knowles
                 Roger A. Colaizzi
                 Michael C. Hartmere
                 VENABLE LLP
                 575 Seventh Street, NW
                 Washington, D.C. 20004
                 (202) 344-4860 (Tel.)
                 (202) 344-8300 (Fax)

                 -and-

                 Rockefeller Center
                 1270 Avenue of the Americas, 25th Floor
                 New York, NY 10020
                 (212) 307-5500 (Tel.)
                 (212) 307-5598 (Fax)

                 *Attorneys for Defendant Edward B. Johnson*

**TABLE OF CONTENTS**

**Page**

Preliminary Statement ……………………………………………………………….. 1

Statement of Relevant Facts ………………………………………………………… 2

Standard of Review …………………………………………………………………. 4

Argument ……………………………………………………………………………. 6

Plaintiffs' Complaint Should Be Dismissed as to Defendant Edward B. Johnson
Because it Fails to Plausibly Allege Facts Sufficient to State a Claim for Relief ………… 6

    A.    Plaintiffs' Complaint Must Be Dismissed as an Improper
           "Group" Pleading ………………………………………………………… 6

    B.    Plaintiffs' Complaint Otherwise Fails to Assert Plausible Facts
           Sufficient to State a Claim Against Edward B. Johnson for the
           Alleged Acts of Other Corporate or Individual Defendants ………………. 8

Conclusion …………………………………………………………………………….. 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                        **Page(s)**

*Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) ………….   6, 8

*Ashcroft v. Iqbal*, 556 U.S. 6628 (2009) ……………………………………………………   1, 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S 544 (2007)  ……………………………………………   1, 4, 5

*E.E.O.C. v. Gargiulo, Inc.*, No. 2:05-cv-460, 2006 WL 752825
   (M.D. Fla. Mar. 22, 2006)  ………………………………………………………………..   7

*McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996) …………………………………………….   6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91-cv-2923,
   1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ……………………………………………….   6

*Mountain View Pharm. v. Abbott Labs.,* 630 F.2d 1383 (10th Cir. 1980)  ………………….   6

*Muhammed v. Weis*, No. 08-cv-3616, 2009 WL 637112 (E.D. Pa. Mar. 11, 2009)  …….   6-7

*Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260
   (M.D. Fla. 2009)  …………………………………………………………………………….   6

*Sheffield v. Orius Corp.*, 211 F.R.D. 411 (D. Or. 2002) …………………………………………   7

**Other Authorities**

Federal Rule of Civil Procedure 8(a) ……………………………………………………1, 4, 6, 7, 8, 9

Federal Rule of Civil Procedure 12(b)(6)  …………………………………………………….   1, 5

Defendant Edward B. Johnson, through his undersigned counsel, respectfully submits this memorandum of law in support of his motion to dismiss Plaintiffs' Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint"), dated January 8, 2013, in its entirety, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint is a classic example of improper "group" pleading that fails to satisfy even the most basic requirements of Federal Rule of Civil Procedure 8(a). By lumping all seventeen named defendants together using a single defined term, Plaintiffs broadly allege that "Defendants" committed various "deceptive" practices without identifying which named defendants are purportedly responsible for the alleged conduct. Such generalized pleadings fall well short of the *Twombly* and *Iqbal* standard and should be dismissed.

With respect to Defendant Edward B. Johnson ("Mr. Johnson"), this lack of specificity is exacertbated by Plaintiffs' conclusory allegations and the fact that Mr. Johnson has been uninvolved with the named corporate defendants since 2011, when he resigned his employment and sold his entire ownership interest. Plaintiffs are well aware of these defects in the Complaint; much of the evidence contemporaneously submitted with Plaintiffs' request for a temporary restraining order demonstrates that Mr. Johnson had no association whatsoever with many of the corporate defendants. Subsequent briefing on the temporary restraining order motion indisputably confirms Mr. Johnson's lack of involvement with such companies and further establishes his separation from all of the corporate defendants since 2011. Although Plaintiffs have never disputed these facts, they still refuse to amend the Complaint. Accordingly, Plaintiffs' Complaint fails to provide "fair notice" to Mr. Johnson of the allegations and claims against him and therefore must be dismissed. To the extent Plaintiffs seek to take action against

Mr. Johnson, the Complaint must be amended to identify which, if any, allegations, claims, and requested remedies pertain to Mr. Johnson specifically.

## STATEMENT OF RELEVANT FACTS

The Complaint vaguely defines the term "Defendants" to non-specifically attribute the challenged conduct to all seventeen of the individual and corporate defendants named in this action.[1] With respect to Edward B. Johnson specifically, Plaintiffs' Complaint contains only eight scant allegations,[2] none of which connect Mr. Johnson, individually, to the "deceptive" acts or practices alleged against the "Defendants," collectively.

Specifically, and as an initial matter, Plaintiffs allege that Mr. Johnson currently "is the Chief Executive Officer and sole owner of TTC and MPG," and "the Secretary of 5410, Inc. and a director and officer of Ikongo." (Compl. ¶¶ 23, 38). Plaintiffs are well aware and do not dispute that Mr. Johnson has neither worked for nor owned an interest in any of the Corporate Defendants since at least late 2011, when he sold his shares of The Tax Club, Inc. ("Tax Club"), Manhattan Professional Group, Inc. ("MPG"), and 5410, Inc. ("5410") to Skorpios Holdings, Inc. ("Skorpios"). Plaintiffs do not allege that Mr. Johnson has ever held any ownership or other interest in any of the other corporate defendants.

Plaintiffs allege that in 2003, Mr. Johnson formed the Tax Club and MPG in St. George, Utah. (*Id.* ¶ 38.) The Complaint further alleges that shortly thereafter, Mr. Johnson "relocated the core enterprise to New York City," leaving only a "small sales and administrative office" in Utah. After moving the companies to New York, Mr. Johnson purportedly recruited Defendant Michael Savage to be the companies' head accountant and later named Mr. Savage President of MPG. (*Id.* ¶¶ 38-39.) The Complaint also alleges that, "[a]t all times material to the Complaint,

---

[1] *See* Compl. ¶¶ 1, 2, 27, 29-38, 56, 58-81, 85-90, 93-102, 104, 108-112, 119-122, 124-126.
[2] *See Id.* ¶¶ 23, 28, 38, 39, 44, 52, 53, 115.

Savage was the Tax Club Enterprises' senior-most official in New York." (*Id.* ¶ 39.) Plaintiffs do not allege that Mr. Johnson, who resides in Utah and California, ever exercised a controlling function in the companies' New York office. (*See id.* ¶ 23.) These allegations are wholly inconsistent with the unsupportable "group" allegations made by Plaintiffs against all "Defendants."

Further, Plaintiffs claim that, at the time Mr. Johnson founded the Tax Club and MPG, "he created sample sales scripts to guide sales representatives during telemarketing calls." (*Id.*) Yet, Plaintiffs do not allege that the "sample sales scripts" contained any misleading representations or omissions, or that those sales scripts were ever used by the Tax Club or MPG during the time period recited in the Complaint. Nor do they allege that the "sample sales scripts" were ever used by Mr. Johnson or any of the corporate defendants at any time to sell any of the products identified in the Complaint.

Plaintiffs next allege, in collective fashion, that "[e]ach Individual Defendant signed account applications for, and has maintained control over, multiple accounts in the name of one or more Corporate Defendants on behalf of The Tax Club Enterprise." (*Id.* ¶ 42.) But with respect to Mr. Johnson, Plaintiffs do not allege that he personally opened any accounts for any of the corporate defendants; rather, Plaintiffs merely contend that Mr. Johnson and Mr. Savage formed 5410 in 2008, which Plaintiffs claim "opened and maintains merchant accounts on behalf of the Tax Club Enterprise." (*Id.* ¶ 54.) Notably, Plaintiffs do not specify whether the purported 5410 merchant accounts were opened before Mr. Johnson's departure from the company. (*See id.*) Moreover, Plaintiffs do not identify the persons who opened the alleged 5410 merchant accounts, the banks that serviced the alleged merchant accounts, or the corporate defendants on whose behalf the alleged merchant accounts were opened.

Similarly, Plaintiffs assert, again collectively, that "[t]he Individual Defendants have also opened multiple commercial bank accounts in the name of each of the Corporate Defendants" for the purpose of processing and distributing revenue from business operations. (*Id.* ¶ 51.) However, as to Mr. Johnson, Plaintiffs do not allege that he personally opened any commercial bank accounts for the corporate defendants. Instead, Plaintiffs merely aver that Defendants Savage and Milkwick opened commercial bank accounts for Skorpios and VisaVis, which were allegedly used to transfer money to Mr. Johnson's bank accounts (as it turns out, for purposes of satisfying Skorpios' obligations under the Stock Purchase Agreement).

Finally, Plaintiffs contend, in conclusory fashion, that Mr. Johnson "has harmed U.S. consumers with his deceptive business practices." (*Id.* ¶ 23.) Plaintiffs do not specifically identify Mr. Johnson's alleged "deceptive business practices" or directly attribute to Mr. Johnson any of the particular "deceptive" acts or practices alleged in the Complaint. Instead, Plaintiffs rely on the bald claim that Mr. Johnson "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth" in the Complaint "[a]t all times material," either by "acting alone or in concert with others." (*Id.* ¶¶ 23, 28.) In addition to the reality that Mr. Johnson could not have "formulated, directed, controlled, had the authority to control, or participated in" the alleged practices "at all times material" because he neither owned nor worked for any of the corporate defendants after 2011, these are simply conclusory allegations which are not entitled to an assumption of truth under Rule 8(a).

## STANDARD OF REVIEW

To survive dismissal, a complaint must set forth "sufficient factual matter" to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this "facial plausibility" standard, a plaintiff must allege "factual content that allows the court to draw the reasonable

- 5 -

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In contrast, a complaint does not state a plausible claim to relief by making "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). A complaint likewise fails if it alleges no "more than a sheer possibility that a defendant has acted unlawfully," or states only facts that are "merely consistent with a defendant's liability." *Id.*

A reviewing court should bear in mind three important principles when assessing the "facial plausibility" of a complaint under Rule 12(b)(6). First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, after setting aside conclusory allegations and averments of law, a court should determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation omitted). Third, as a practical matter, if a pleading does not state a plausible claim to relief on its face, it should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

# ARGUMENT[3]

## PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT EDWARD B. JOHNSON BECAUSE IT FAILS TO PLAUSIBLY ALLEGE FACTS SUFFICIENT TO STATE A CLAIM FOR RELIEF.

### A. Plaintiffs' Complaint Must Be Dismissed as an Improper "Group" Pleading.

Rule 8(a) of the Federal Rules of Civil Procedure requires factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012).  It is well-established that, under Rule 8(a), a plaintiff may not "collectivize" a group of defendants by using a defined term to "lump" them together for purposes of pleading facts.  *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91-cv-2923, 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994) ("Even Rule 8(a) pleading requires plaintiffs to identify the specific defendant charged with committing a particular predicate act, rather than collectivizing a group of defendants as plaintiffs have done here"); *Muhammed v. Weis*, No. 08-cv-3616, 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009) ("[M]any of Plaintiffs' claims violate Federal Rule of Civil Procedure 8(a), insofar as they consist of blanket allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm").[4]

---

[3] Defendant Edward B. Johnson hereby adopts and incorporates by reference Argument Section II of the Motion to Dismiss, filed today on behalf of the remaining corporate and individual defendants, regarding the failure of Plaintiff State of Florida to adequately plead causation and actual damages as required under the Florida Deceptive and Unfair Trade Practices Act.  Mr. Johnson further notes that to the extent any of the alleged conduct occurred outside of the applicable statutes of limitations, Plaintiffs' claims for relief based on such conduct are time-barred.

[4] *See also McHenry v. Renne,* 84 F.3d 1172, 1175 (9th Cir. 1996) ("[C]laims which vaguely refer to 'defendants' or 'other responsible authorities' will not suffice."); *Mountain View Pharm. v. Abbott Labs.,* 630 F.2d 1383, 1388 (10th Cir. 1980) ("[A] blanket statement that twenty-eight defendants have conspired to fix prices on drug sales to thirteen plaintiffs does not provide adequate notice for responsive pleading"); *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1274 (M.D. Fla. 2009)

Here, the Complaint improperly lumps together seventeen defendants to broadly attribute alleged conduct to all individual and corporate defendants named in this action. For instance, Plaintiffs claim that "Defendants" (1) have used a variety of deceptive tactics "[s]ince at least 2008" to persuade consumers to purchase products "designed to foster small business development" (Compl. ¶ 28); (2) purchase consumer leads from various entities (*id.* ¶ 65); (3) use those leads to contact consumers via telephone for purposes of offering their products and services (*id.* ¶ 68); and, (4) in doing so, make various false and misleading representations and omissions about their identities, the nature of their services, and the benefits of their services, all designed to unlawfully induce consumer purchases. (*See id.* ¶¶ 65-90.)

Nowhere do Plaintiffs specifically contend that Mr. Johnson personally engaged in any of the "deceptive" acts or practices alleged in the Complaint. Indeed, for much of the allegedly relevant time period, Mr. Johnson had no business dealings whatsoever with the other defendants – a critical fact conspicuously absent from the Complaint. Without specifically alleging facts as to Mr. Johnson, the Complaint violates Rule 8(a) by failing to give Mr. Johnson "fair notice" of the specific allegations and claims against him. Plaintiffs' Complaint should therefore be dismissed as an improper "group" pleading.

---

("Because of the grouping together of these Defendants without differentiation or some sort of description of the actions that could provide 'fair notice' of the basis for the claims against them, the claims against the 'Peer Review Defendants' are not sufficiently pled" under Rule 8(a)); *E.E.O.C. v. Gargiulo, Inc.*, No. 2:05-cv-460, 2006 WL 752825, at *2 (M.D. Fla. Mar. 22, 2006) ("[P]laintiff cannot simply lump its individual assertions together in a group pleading, unless it is plaintiff's contention that the identical events apply to all five individuals"); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002) ("Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations.").

**B.     Plaintiffs' Complaint Otherwise Fails to Assert Plausible Facts Sufficient to State a Claim Against Edward B. Johnson for the Alleged Acts of Other Corporate or Individual Defendants.**

In addition to proscribing "group" pleading, Rule 8(a) "does not countenance pleadings that are conclusory," and a court should "give no effect to assertions of law or to legal conclusions couched as factual allegations." *Anderson News*, 680 F.3d at 182, 185 (internal quotations omitted). Plaintiffs' Complaint contains only a few allegations specific to Mr. Johnson, some of which are conclusory and none of which connect Mr. Johnson to the "deceptive" acts or practices alleged in the Complaint.

In an apparent attempt to allege that Mr. Johnson should be held liable for conduct of the corporate defendants, Plaintiffs allege in a conclusory manner that Mr. Johnson "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth" in the Complaint "[a]t all times material." (Compl. ¶¶ 23, 28.) The Court should disregard this bald allegation because it is simply a "legal conclusion[] couched as [a] factual allegation[]." *See Anderson News*, 680 F.3d at 185. Likewise, Plaintiffs' speculation that Mr. Johnson controlled the corporate defendants and vicariously participated in all of their practices "at all times material" is not entitled to any assumption of truth because it is wholly unsupported by any fact-based allegation. As stated above, Plaintiffs have never disputed the fact that Mr. Johnson has been uninvolved with the corporate defendants since late 2011.

The Court should also disregard Plaintiffs' conclusory assertion that Mr. Johnson "has harmed U.S. consumers with his deceptive business practices." (Compl. ¶ 23.) Plaintiffs fail to identify any "deceptive business practice" in which Mr. Johnson has personally engaged. Indeed, the "business practices" allegations concerning Mr. Johnson actually demonstrate his lack of involvement with the corporate defendants and the challenged conduct. For example,

- 9 -

Plaintiffs allege that Mr. Johnson formed the Tax Club and MPG in 2003, shortly before moving the companies to New York and leaving Mr. Savage in charge of their operations. (*Id.* ¶ 38.) Plaintiffs also allege that, in 2003, Mr. Johnson wrote a "sample sales script" (*id.*), but they do not allege that the script contained any misleading representations or omissions, or even that the sales script was ever used by the corporate defendants.

Likewise, Plaintiffs allege that the "Individual Defendants" opened merchant accounts and commercial bank accounts for the "Corporate Defendants," (*id.* ¶¶ 42, 51), but they do not allege that Mr. Johnson took part in that conduct. Rather, all Plaintiffs can muster is a flimsy allegation that 5410, a company Mr. Johnson has not been associated with since 2011, at some point opened merchant accounts that in some way benefited the other corporate defendants. (*Id.* ¶ 54.) However, Plaintiffs do not allege that the purported 5410 merchant accounts were opened while Mr. Johnson was still involved with the company. Such conclusory, unsupported allegations do not meet the pleading requirements of Rule 8(a), and should be disregarded.

**CONCLUSION**

For all of these reasons, and for the reasons stated in Argument Section II of the Motion to Dismiss filed today on behalf of the remaining corporate and individual defendants, Plaintiffs have failed to state a claim against Mr. Johnson. Due to Plaintiffs' improper "group pleading," Mr. Johnson has no way of ascertaining the specific conduct or violations of which he is accused. Accordingly, this Court should grant Mr. Johnson's motion to dismiss the Complaint in its entirety.

Dated: New York, New York
       March 18, 2013

                                    Respectfully submitted,


                                    By: /s/ Roger A. Colaizzi
                                        Jeffrey D. Knowles
                                        Roger A. Colaizzi
                                        Michael C. Hartmere

                                        VENABLE LLP
                                        575 Seventh Street, NW
                                        Washington, D.C. 20004
                                        (202) 344-4860 (Tel.)
                                        (202) 344-8300 (Fax)

                                            -and-

                                        Rockefeller Center
                                        1270 Avenue of the Americas, 25th Floor
                                        New York, NY 10020
                                        (212) 307-5500 (Tel.)
                                        (212) 307-5598 (Fax)