UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, STATE OF
FLORIDA, and STATE OF NEW YORK,

                Plaintiffs,

-v-

THE TAX CLUB, INC., et al.,

                Defendants.

Case No. 13-CV-210-JMF


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS


Pamela Jones Harbour
Judith A. Archer
Peter Guirguis
Sarah E. O'Connell
FULBRIGHT & JAWORSKI, LLP
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax:  (212) 318-3400


*Attorneys for Defendants The Tax Club,
Inc., Manhattan Professional Group, Inc.,
5410, Inc., Marble Base, Inc., 6015 LLC,
1800Accountant, LLC, IKONGO, Inc.,
TAHUYA, Inc., VISAVIS, Inc., HB
Marketing Services, LLC, Premier
Coaching and Consulting LLC, Skorpios
Holdings, Inc., Michael M. Savage,
Brendon A. Pack, Gary J. Milkwick, and
Sandra C. Savage, Relief Defendant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

SUMMARY OF FACTUAL ALLEGATIONS ........................................................... 2

ARGUMENT ...................................................................................................................... 3

I.     PLAINTIFFS' COMPLAINT DOES NOT SATISFY THE PLEADING
REQUIREMENTS OF RULE 8(A)(2) ......................................................... 5

        A.     Plaintiffs Improperly "Lump" Together All Defendants ...................... 6

        B.     Plaintiffs Fail to Plausibly Allege Relief Defendant's Unjust Enrichment ........... 8

II.    COUNT SIX SHOULD BE DISMISSED BECAUSE PLAINTIFF STATE OF
FLORIDA FAILED TO PLEAD ACTUAL DAMAGES ................................. 9

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Appalachian Enters., Inc. v. ePayment Solutions Ltd.*,
  2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. June 10, 2004) ...................................................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................1, 4, 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................................1, 3, 4, 5

*Bey v. City of Rochester*,
  2012 U.S. Dist. LEXIS 60270 (W.D.N.Y. Apr. 29, 2012) .........................................................6

*FTC v. Consumer Health Benefits Ass'n*,
  2012 U.S. Dist. LEXIS 72161 (E.D.N.Y. May 21, 2012) ........................................................7

*FTC v. LeanSpa, LLC*,
  2013 U.S. Dist. LEXIS 11626 (D. Conn. Jan. 29, 2013) .........................................................9

*FTC v. Swish Marketing*,
  2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010) .....................................................4, 8

*FTC v. Wellness Support Network, Inc.*,
  2011 U.S. Dist. LEXIS 36453 (N.D. Cal. Apr. 4, 2011) ......................................................5, 8

*Infanti v. Scharpf*,
  2008 U.S. Dist. LEXIS 45501 (E.D.N.Y. June 10, 2008) .....................................................6, 7

*KC Leisure, Inc. v. Haber*,
  972 So. 2d 1069 (Fla. 5th Dist. Ct. App. 2008) .......................................................................9

*Morgens Waterfall Holdings, LLC v. Donaldson, Lufkin & Jenrette Securities Corp.*,
  198 F.R.D. 608 (S.D.N.Y. 2001) ...................................................................................4

*O'Brien v. National Property Analysts Partners*,
  936 F.2d 674 (2d Cir. 1991) ........................................................................................7

*Papasan v. Allain*,
  478 U.S. 265 (1986) ..................................................................................................4

*Prezzi v. Berzak*,
  57 F.R.D. 149 (S.D.N.Y. 1972) .....................................................................................4

*Rodriguez v. Trs. of Columbia Univ.*,
  2006 U.S. Dist. LEXIS 62219 (S.D.N.Y. Aug. 29, 2006) ........................................................ 4

*Smith v. 2001 South Dixie Highway, Inc.*,
  872 So. 2d 992 (Fla. 4th Dist. Ct. App. 2004) ........................................................................ 10

*Tejwani v. United Airlines, Inc.*,
  2009 U.S. Dist. LEXIS 27485 (S.D.N.Y. Mar. 30, 2009) ..................................................... 3, 6

*Terrell v. DIRECTV, LLC*,
  2013 U.S. Dist. LEXIS 16132 (S.D. Fla. Feb. 5, 2013) ......................................................... 10

## RULES AND STATUTES

15 U.S.C. § 45(a) ................................................................................................................ 1, 5, 6, 7

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 5, 6, 7

Fed. R. Civ. P. 9(b) ..................................................................................................................... 7

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 3

FLA. STAT. §§ 501.201 *et seq.* ................................................................................................ 1, 5

N.Y. Exec. Law § 63 (12) ....................................................................................................... 1, 5

N.Y. Gen. Bus. Law § 349 ...................................................................................................... 1, 5

N.Y. Gen. Bus. Law § 350 ...................................................................................................... 1, 5

## OTHER AUTHORITIES

16 C.F.R. Part 310 .................................................................................................................. 1, 5

Defendants The Tax Club, Inc., Manhattan Professional Group, Inc., 5410, Inc., Marble Base, Inc., 6015, LLC, 1800Accountant, LLC, IKONGO, Inc., TAHUYA, Inc., VISAVIS, Inc., HB Marketing Services, LLC, Premier Coaching & Consulting LLC, Skorpios Holdings, Inc. (the "Corporate Defendants"), Michael M. Savage, Brendon A. Pack, Gary J. Milkwick (the "Individual Defendants"), and Sandra C. Savage, Relief Defendant, (collectively, the "Defendants"), by their undersigned counsel, respectfully submit this memorandum of law, together with the accompanying declaration of Judith A. Archer, dated March 18, 2013, and the exhibit thereto, in support of their motion for an Order dismissing Plaintiffs the Federal Trade Commission, State of Florida, and State of New York's Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs' Complaint, based largely on speculative assertions and conclusory allegations of Defendants' violations of several federal and state consumer protection statutes,[1] cannot survive the heightened pleading standard established by the United States Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*.  Depriving each Defendant of fair notice of the precise misconduct with which they are charged, Plaintiffs fail to allege specific facts identifying which Defendants engaged in which alleged telemarketing practices, the time periods when these acts purportedly took place, or the relief sought from each Defendant.

Instead, Plaintiffs carelessly group all Defendants – some having no connection to the telemarketing practices set forth in the Complaint and others that did not even exist during the

---

[1] Specifically, Plaintiffs have sued all Defendants, without distinction, for purported violations of section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. §§ 501.201 *et seq.*, the New York General Business Law §§ 349 and 350, and the New York Executive Law § 63(12).

relevant period – by simply alleging the existence of a "common enterprise" and repeating generic language concerning the types of outbound telemarketing practices in which "Defendants" allegedly participated.  This is improper.  Plaintiffs must have an evidentiary basis that, standing alone, supports each claim against each Defendant, especially in light of the fraudulent nature of the claims.  Absent allegations setting forth that factual basis, including identifying each Defendants' purported misconduct, it is impossible for Defendants (or this Court) to independently determine whether the allegations in the Complaint plausibly give rise to entitlement to relief.

The Complaint therefore fails to provide Defendants with fair notice of the allegations against each defendant and deprives Defendants of their independent right to answer or otherwise respond to those allegations.  Accordingly, Defendants request that this Court dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted.

**SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiffs filed their Complaint in this action on January 9, 2013, grouping together various individuals and businesses that Plaintiffs claim engaged in a series of generally described telemarketing practices in violation of various consumer protection statutes.  (Complaint for Permanent Injunction and Other Equitable Relief ("Compl."), ¶¶ 91-118, attached to the Declaration of Judith A. Archer as Exhibit A.)   Plaintiffs have spent years investigating Defendants' purported involvement in the acts alleged in this action, including an investigation conducted by Plaintiff State of New York with the full cooperation of Defendants.  Despite having significant time to prepare an adequately pleaded complaint, Plaintiffs' Complaint contains nothing more than bald allegations, unsupported by specific facts and untethered from any particular defendant.

Plaintiffs allege in the broadest and most formulaic terms that the Individual Defendants have "harmed U.S. consumers with [their] deceptive business practices" (Compl. ¶¶ 23-26) and "formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint." (*Id.*) Plaintiffs contend that *all* Defendants deceived consumers by claiming a false affiliation (Compl. ¶¶ 33, 65) and "mislead consumers about the scope of the programs they offer for sale" (Compl. ¶ 80) leading to consumer injury. (Compl. ¶ 122.) Plaintiffs allege that the Corporate Defendants "operated and functioned as a common enterprise" (Compl. ¶ 28), and that *all* of the Defendants together "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." (Compl. ¶ 28.) Plaintiffs, however, make no attempt to explain how any *one* of the Defendants actually did so. Plaintiffs' entire Complaint consists of rote repetition of statutory language and similarly broad sweeping conclusions. (Compl. ¶¶ 91-97, 103-107, 108, 111, 113-118.) As set forth below, these kinds of allegations are insufficient to state a well-pleaded claim and must be dismissed.

## ARGUMENT

Plaintiffs' Complaint should be dismissed because it fails to include sufficient factual allegations to support its numerous legal conclusions or to permit Defendants to identify which allegations are made with respect to which Defendants. *See Tejwani v. United Airlines, Inc.*, 2009 U.S. Dist. LEXIS 27485, at *8-10 (S.D.N.Y. Mar. 30, 2009) (dismissing complaint under Rule 12(b)(6) where plaintiff makes conclusory allegations as to defendants' liability and fails to allege which particular employees engaged in discriminatory conduct). To survive a motion to dismiss pursuant to Rule 12(b)(6), the Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

(reversing judgment where complaint contained bare assertions and conclusory allegations, instead of sufficient facts to show that plaintiffs' claims are "plausible" instead of only "conceivable"); *see also Rodriguez v. Trs. of Columbia Univ.*, 2006 U.S. Dist. LEXIS 62219, at *8 (S.D.N.Y. Aug. 29, 2006) (granting dismissal); *Morgens Waterfall Holdings, LLC v. Donaldson, Lufkin & Jenrette Securities Corp.*, 198 F.R.D. 608, 610 (S.D.N.Y. 2001) (granting dismissal); *Prezzi v. Berzak*, 57 F.R.D. 149, 150 (S.D.N.Y. 1972) (granting dismissal).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-687 (2009) (reversing judgment because respondent was not allowed to "plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss). The "obligation to provide 'grounds' of … 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265 (1986)). *See FTC v. Swish Marketing*, 2010 U.S. Dist. LEXIS 15016, at *16 (N.D. Cal. Feb. 22, 2010) ("… complaint presents virtually no facts to tie [defendant] to … scheme or to suggest his knowledge moves from the conceivable to the plausible." ).

Even were the Court to find that Plaintiffs have sufficiently pleaded *certain* facts in their Complaint, such facts standing on their own, divorced from the inadequately pleaded facts, must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs' general, conclusory allegations are certainly not "enough" to permit the Court to infer each Defendant's liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). ("Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") The Court should therefore dismiss the Complaint *in toto*, as Plaintiffs' formulaic and vague Complaint does not allege sufficient facts to rise to the level of facial plausibility as to any specific Defendant, much less all of them.

**I.     PLAINTIFFS' COMPLAINT DOES NOT
        SATISFY THE PLEADING REQUIREMENTS OF RULE 8(a)(2)**

Plaintiffs' vague Complaint does not satisfy the pleading requirements because it fails to allege facts establishing that Plaintiffs are entitled to relief from any specific Defendant. Federal Rule of Civil Procedure Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require that the allegations be detailed, Plaintiffs must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. *See FTC v. Wellness Support Network, Inc.*, 2011 U.S. Dist. LEXIS 36453, at *28 (N.D. Cal. Apr. 4, 2011) (FTC's allegations did not meet Rule 8(a)(2) requirements). Plaintiffs fall short of this requirement. With broad strokes, Plaintiffs merely set forth a naked, general set of facts without any enhancement as to each Defendant. They allege no set of facts sufficient to support their claims that any one of the Corporate and Individual Defendants, much less all of them, violated the Federal Trade Commission Act ("FTC Act"), the Telemarketing Sales Rule ("TSR"), the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"), the New York General Business Law ("NY Gen. Bus. Law"), and the New York Executive Law ("NY Exec. Law"). They further fail to set forth sufficient facts showing that any of the Defendants, including the Relief Defendant, was unjustly enriched as a result of the alleged deceptive acts.

Properly scrutinized, Plaintiffs' Complaint simply recites quoted language from the relevant statutes followed by formulaic legal assertions devoid of factual support beyond the speculative.[2]   (Compl. ¶¶ 91-93, 103-107, 113, 117, 118.)  *See Bey v. City of Rochester*, 2012 U.S. Dist. LEXIS 60270, at *16-18 (W.D.N.Y. Apr. 29, 2012) (granting dismissal of factually unsupported claims, and noting that courts are "not bound to accept as true a legal conclusion couched as a factual allegation").  As currently pleaded, Plaintiffs' Complaint would require Defendants to defend against general allegations of wrongdoing, even in the absence of any evidentiary basis supporting those allegations, defeating the purpose of Rule 8(a)(2).  *See Tejwani*, 2009 U.S. Dist. LEXIS 27485, at *5.

### A.    Plaintiffs Improperly "Lump" Together All Defendants

Dismissal is proper where, as here, Plaintiffs "lump" together the Corporate and Individual Defendants, rather than making specific factual allegations to support their claims against each of the Defendants.[3]  *See Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 2004 U.S. Dist. LEXIS 24657, at *19 (S.D.N.Y. June 10, 2004) (dismissing complaint that "lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct ...."); *Infanti v. Scharpf*, 2008 U.S. Dist. LEXIS 45501, at *8 (E.D.N.Y. June 10, 2008) (granting dismissal where "[d]efendants may be understandably hard put to respond to [the] 'allegations' in any meaningful way, and requiring them to answer such a

---

[2] To state a claim for a deceptive act or practice under Section 5(a)(1), Plaintiffs must allege facts sufficient to show: (1) a representation, omission, or practice, that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3) the representation, omission, or practice is material.  15 U.S.C. § 45(a).  To establish individual liability under Section 5(a) of the FTC Act, Plaintiffs must allege that the individual: (1) participated directly in the deceptive acts or has the authority to control them, and (2) had knowledge of the misrepresentations, was recklessly indifferent to the truth or falsity of the misrepresentation, or was aware of a high probability of fraud along with an intentional avoidance of truth.  15 U.S.C. § 45(a).

[3] Plaintiffs also make conclusory allegations that, since at least 2008, *all* Defendants engaged in and benefitted from the alleged deceptive acts.  (Compl. ¶¶ 30-32.)  To the extent that any of the alleged acts took place outside of the applicable statute of limitations periods, Plaintiffs' claims for relief as to those acts would be time-barred.

pleading 'would fly in the face of the very purposes for which Rule 8 exists'"). Plaintiffs failure to specifically allege what acts were taken by which defendant and when is fatal.[4]  *See Appalachian Enterprises, Inc.*, 2004 U.S. Dist. LEXIS 24657, at *3 and 20 (granting motion to dismiss where the "complaint simply attributes the wrongful acts as being committed collectively by the seventeen defendants.").

Plaintiffs accuse all of the Corporate and Individual Defendants of liability under the relevant statutes by grouping them together as "Defendants." (Compl. ¶¶ 94-112, 119, 122.) Plaintiffs do not distinguish, in any way, between the twelve Corporate Defendants, the four Individual Defendants, or any aspect of their alleged misconduct. (Compl. ¶¶ 91-112.)  Plaintiffs rely instead on generic terms like "numerous instances," "Defendants' representations," and "Defendants' practices." (Compl. ¶¶ 94-102, 108-112.)  In fact, there is not one allegation in which wrongdoing is alleged where Plaintiffs refer to any specific defendant.[5]  These generic allegations are insufficient to state a claim. *See Infanti*, 2008 U.S. Dist. LEXIS 45501, at *7

---

[4] The failure to identify which Defendants committed which alleged acts also highlights Plaintiffs' failure to meet the particularity requirements of Fed. R. Civ. P. 9(b). Although Courts in this Circuit have recognized that "there is a split in authority regarding whether claims brought under the FTC Act and, by extension, the TSR, require application of Fed. R. Civ. P. 9(b)," there is no controlling authority excusing Plaintiffs from this obligation. *FTC v. Consumer Health Benefits Ass'n*, 2012 U.S. Dist. LEXIS 72161, *22 (E.D.N.Y. May 21, 2012). While courts may have been loath to impose such a requirement in some other circumstances, Defendants respectfully submit that the failure to plead a case with any specificity as to the liability of particular defendants is fatal to a complaint that vaguely describes activities that have occurred "since 2008" and names at least twelve separate corporate entities, numerous additional trade names, and five individuals as defendants. And in this context, where Plaintiffs have publicly alleged, both in their Complaint and through their widely disseminated press releases, that each Defendant committed fraud, the requirement to at least identify the precise conduct constituting the purported fraud is even more warranted in order to "safeguard a defendant's reputation from 'improvident charges of wrongdoing.'" *O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (citations omitted). The Court need not reach the question of the applicability of Rule 9(b) because, in this case, Plaintiffs' Complaint does not even satisfy the requirements of Rule 8(a)(2).

[5] The inclusion of Corporate Defendants like 1800Accountant underscores the impropriety of Plaintiffs' efforts to inaccurately lump all defendants together. 1800Accountant, like Corporate Tax Network, does not engage in the type of outbound telemarketing alleged in the Complaint. 1800Accountant neither initiates unsolicited contact with customers by outgoing telemarketing calls nor buys leads or represents any affiliation with other companies. To the contrary, it only calls prospective customers (almost all of which are businesses, not individuals) after they express a desire to be contacted or respond to 1800Accountant's nationally televised advertisements. 1800Accountant, which has different, independent, shareholders, finds itself having to attempt to respond to allegations of fraud for telemarketing practices in which it has never engaged.

(granting motion to dismiss where plaintiffs "lump Defendants together without clearly linking specific wrongs to them individually," holding that failing "to distinguish [defendants'] conduct[,] … fail[s] to give adequate notice to the [] defendants as to what they did wrong.'").

Nor do Plaintiffs' allegations of a "common enterprise," with no supporting facts, salvage their claims with respect to the Corporate or Individual Defendants.  Plaintiffs assert no facts sufficient to support their rote allegations that the Corporate Defendants "operated and functioned as a common enterprise while engaging in deceptive acts and practices and other violations of law alleged in this Complaint" (Compl. ¶ 28) and that the Individual Defendants "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise." (Compl. ¶¶ 23-26, 28.)  These allegations are insufficient to withstand a motion to dismiss.

In *Swish Marketing*, 2010 U.S. Dist. LEXIS 15016, the court dismissed claims against individual defendants for failure to "establish a factual nexus between [an individual defendant] and corporate defendant's alleged misrepresentations and omissions." *Id.* at *14.  Similarly, in *Wellness Support Network, Inc.*, 2011 U.S. Dist. LEXIS 36453, the court held that an allegation that an individual defendant was an officer of the corporate defendant, was insufficient to "support a plausible inference that she participated directly in the alleged deceptive acts, controlled or had authority to control them or had knowledge of them." *Id.* at *28.  The allegations here are no more robust than those in *Swish Marketing* or *Wellness Support Network*, and require dismissal of Plaintiffs' claims.

**B.    Plaintiffs Fail to Plausibly Allege Relief Defendant's Unjust Enrichment**

Plaintiffs' bare assertion that the Relief Defendant "will be unjustly enriched if she is not required to disgorge the funds or the value of benefits she received as a result of the Defendants' unlawful acts or practices" (Compl. ¶ 120) is insufficient to withstand a motion to dismiss.

Plaintiffs' Complaint fails to include any allegation supporting the claim that the Relief Defendant was unjustly enriched. Plaintiffs allege that Mrs. Savage "is a stay-at-home mom," "spouse of defendant Michael Savage," and "received funds" from one of her husband's businesses to which Plaintiffs ascribe no deceptive act or practice (Compl. ¶ 27), none of which have any bearing on the issue of unjust enrichment. These allegations fail to support Plaintiffs' claim for relief. *See FTC v. LeanSpa, LLC*, 2013 U.S. Dist. LEXIS 11626, at *29 (D. Conn. Jan. 29, 2013). In *FTC v. LeanSpa, LLC*, the court dismissed a complaint that did "not allege any facts regarding how [the individual defendant] was unjustly enriched," holding that plaintiffs' failure to allege that the individual defendant received fees from the defendant corporation or that the defendant corporation paid him "for his role in the alleged deceptive scheme" required dismissal. 2013 U.S. Dist. LEXIS 11626, at *29.

As with *LeanSpa, LLC*, Plaintiffs allege only that the Relief Defendant received funds from one of the Corporate Defendants, VISAVIS. Nowhere in the Complaint, however, do they allege any deceptive act or practice in which VISAVIS was engaged or that the Relief Defendant received funds in exchange for any role in the alleged misconduct. (*See, e.g.,* Compl. ¶ 27.) Further, because Plaintiffs have inadequately pleaded their claims against the Corporate and Individual Defendants, they are not entitled to relief on their claims against the Relief Defendant.

## II.   COUNT SIX SHOULD BE DISMISSED BECAUSE PLAINTIFF STATE OF FLORIDA FAILED TO PLEAD ACTUAL DAMAGES

The failure of Plaintiff State of Florida to adequately plead causation or actual damages provides an independent reason to dismiss the claim for violation of the FDUTPA. To establish a claim under the FDUTPA, Plaintiffs must allege three elements: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th Dist. Ct. App. 2008). A complaint such as Plaintiffs' that fails to include

allegations of all three elements, including actual damages, must be dismissed. *See Terrell v. DIRECTV, LLC*, 2013 U.S. Dist. LEXIS 16132, at \*7-9 (S.D. Fla. Feb. 5, 2013) (dismissing amended complaint where plaintiff failed to plead actual damages). First, Plaintiff State of Florida, like Plaintiff State of New York, fails to allege any facts enhancing the set of naked assertions in the Complaint. There is no allegation, for example, that any particular Defendant committed any particular act that caused damage to any particular Florida resident. Defendants cannot reasonably be expected to respond to Plaintiff State of Florida's claim when the Complaint does not identify: (1) the actions that caused damage or (2) the third parties' damaged by those actions. Plaintiff State of Florida's failure to plead causation or these essential facts is fatal to its claim.

Second, Plaintiff State of Florida fails to plead actual damages, which is also a necessary element of its claim. Actual damages are defined as "the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *See Smith v. 2001 South Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. 4th Dist. Ct. App. 2004) (affirming dismissal where "appellant's complaint did not allege a recoverable loss under the statute and, therefore, failed to state a cause of action"). The Complaint is wholly devoid of allegations of any such actual damages.

Plaintiffs' generic allegations of the Corporate and Individual Defendants' alleged violation of the FDUTPA fail to include any allegations of causation or recoverable loss. Moreover, Plaintiff State of Florida's failure to allege any facts supporting its claims (and the necessary elements of those claims) against any specific Defendant makes it impossible for the Court to draw the reasonable inference that any Defendant, much less every Defendant, is liable

for the misconduct alleged (Compl. ¶¶ 113-116)  Because both causation and actual damages are indispensable elements of a cause of action under the FDUTPA, Plaintiffs' claim for relief under this statute should be dismissed.

### CONCLUSION

Plaintiffs' Complaint should be dismissed in its entirety for the reasons stated above.


Dated: New York, New York
       March 18, 2013

                              FULBRIGHT & JAWORSKI L.L.P.


                              By: _____
                                  Pamela Jones Harbour
                                  Judith A. Archer
                                  Peter Guirguis
                                  Sarah E. O'Connell
                                  666 Fifth Avenue
                                  New York, New York 10103
                                  Tel.:  (212) 318-3000
                                  Fax:  (212) 318-3400

                                  *Attorneys for Defendants The Tax Club,
                                  Inc., Manhattan Professional Group, Inc.,
                                  5410, Inc., Marble Base, Inc., 6015 LLC,
                                  1800Accountant, LLC, IKONGO, Inc.,
                                  TAHUYA, Inc., VISAVIS, Inc., HB
                                  Marketing Services, LLC, Premier Coaching
                                  and Consulting LLC, Skorpios Holdings,
                                  Inc., Michael M. Savage, Brendon A. Pack,
                                  Gary J. Milkwick, and Sandra C. Savage,
                                  Relief Defendant*