UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

STATE OF NEW YORK, and

STATE OF FLORIDA,

     Plaintiffs,

     v.

THE TAX CLUB, INC., et al.,

     Defendants, and

SANDRA C. SAVAGE,

     Relief Defendant.

Case No. 13-CV-210 (JMF)

**STIPULATED FINAL JUDGMENT
AND ORDER FOR PERMANENT
INJUNCTION AND MONETARY
RELIEF AS TO THE
CORPORATE DEFENDANTS AND
INDIVIDUAL DEFENDANTS
BRENDON A. PACK AND
MICHAEL M. SAVAGE**

Plaintiffs Federal Trade Commission ("FTC" or "Commission"), and the State of New

York and State of Florida, through their Attorneys General, filed their Complaint for Permanent

Injunction and Other Equitable Relief, subsequently amended as First Amended Complaint for

Permanent Injunction and Other Equitable Relief ("Amended Complaint"), for a permanent

injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and

19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the

Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C.

§§ 6101-6108, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201

*et seq.*, and New York Executive Law § 63(12) ("NY Exec. Law"), in connection with the

1

marketing and sale of business development products and services. Plaintiffs, Individual Defendants Brendon A. Pack and Michael M. Savage, and the Corporate Defendants (as defined below) stipulate to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Monetary Relief as to Individual Defendants Brendon A. Pack and Michael M. Savage and the Corporate Defendants ("Order") to resolve all matters of dispute between them in this action.

    **THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Amended Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310, the New York Executive Law ("NY Exec. Law") §63(12), New York General Business Law ("GBL") §§ 349 and 350, and the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), §501.201 *et. seq.*

3. The Settling Defendants (as defined below) neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, the Settling Defendants admit the facts necessary to establish jurisdiction.

4. The Settling Defendants waive any claim they may have under the Equal Access to Justice Act, 28 U.S.C. §2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

2

5. The Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

1. **"Business Coaching Services"** means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish a business. The term Business Coaching Services expressly does not include tax or accounting services.

2. **"Credit Development Services"** means any product or service that is represented expressly or by implication to develop or obtain business credit..

3. **"Corporate Defendants"** means the Tax Club, Inc., also doing business as Success Merchant Services, Corporate Tax Network, Corporate Credit, and E-tax Hotline 8882790191; Manhattan Professional Group, Inc., also doing business as The Tax Club, Bookeeping Services, Bookkeeping Services, Ikongo, Essential Planning, Corporate Tax Network, Business Document Center, the Success Planning Group, All Access Books, and Vital Payroll; 5410, Inc., also doing business as Internet Marketing Success, the Success Planning Group, Success Planning Group 2, Success Online, Business Credit, Success Merchant Processing, Real Estate Wire, Day Trade Team, Funding Fasttrack, Corporate Credit, Corporate Credit 2, and Prestige Financing Services; Marble Base, Inc., also doing business as Business Resources, Corporate Solutions, Business Success, Business Services, Online Development, and Jade Seek; 6015, LLC, also doing business as Cypress Corp. Services, My Tax Service, and Accounting Group Services; Ikongo,

3

Inc.; Tahuya, Inc.; Visavis, Inc.; HB Marketing Services, LLC, also doing business as Global Education, Website Services, Cell Phone Coaching, Maverick MM, and Email Cash; Premier Coaching & Consulting, LLC, also doing business as Premier Coaching, Website Services, AC Secrets: 8774372521, Automatic Profit System, Advanced Profits, VIP Profits, Automatic Profit System VIP, and Automatic Profit System Advanced; Skorpios Holdings, Inc., also known as Skorpios Holding, Inc., and any fictitious business entities or business names created or used by these entities, and their successors and assigns.

4. **"Defendants"** means Individual Defendants Michael M. Savage and Brendon A. Pack, Edward B. Johnson, Gary J. Milkwick and the Corporate Defendants, individually, collectively, or in any combination.

5. **"Individual Defendant Pack"** means Brendon A. Pack.

6. **"Individual Defendant Savage"** means Michael M. Savage.

7. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

8. **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission"), the State of New York, and the State of Florida.

9. **"Settling Defendants"** means Individual Defendants Pack and Savage and the Corporate Defendants.

10. **"Telemarketing"** means any plan, program or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

11. **"Work-at-Home Opportunity"** means any product or service, including any program or plan, that is represented, expressly or by implication, to assist a consumer in any manner to earn money while working from home.

## ORDER

### I.  BAN ON MARKETING OR SALE OF BUSINESS COACHING SERVICES, CREDIT DEVELOPMENT SERVICES, AND WORK-AT-HOME OPPORTUNITIES

**IT IS ORDERED** that the Settling Defendants are permanently restrained and enjoined

from advertising, marketing, promoting, or offering for sale any Business Coaching Services,

Credit Development Services, or Work-at-Home Opportunities.

Provided, however, this provision does not include tax or accounting services, including

tax consulting and preparation, bookkeeping, and payroll.

### II.  PROHIBITION ON OUTBOUND TELEMARKETING

**IT IS ORDERED** that the Settling Defendants are permanently restrained and enjoined

from initiating outbound telephone calls to induce the purchase of products or services whether

directly or through an intermediary.

Provided, however, this provision does not apply where the Settling Defendants have

obtained the express agreement, in writing, of such person to place calls to that person. Such

written agreement shall clearly evidence such person's authorization that calls made by or on

behalf of a specific party may be placed to that person, and shall include the telephone number to

5

which the calls may be placed and the signature of that person, prior to any outbound telemarketing. For the purpose of this Section, the term "signature" shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law. This written signature requirement is met if such signature complies with the requirements of the Electronic Signature in Global and National Commerce Act ("E-SIGN"). For the purposes of this Section only, "in writing" shall include writings in digital or electronic format.

Provided, however, this provision does not prohibit outbound telephone calls to persons who have purchased products concerning services to be fulfilled or provided by the Settling Defendants related to such previous purchases, until such time as the purchaser makes a do-not-call request. Provided, however, nothing in this Section limits the requirements imposed by any provision of the TSR on any Settling Defendant. (A copy of the TSR is attached as Attachment A.)

## III.      PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, the Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any product or service, are permanently restrained and enjoined from:

      A.     Failing to disclose truthfully, promptly, and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of those good or services; and

6

B.     Violating any provision of the TSR. (A copy of the TSR is attached as
       Attachment A.)

## IV.    PROHIBITED PRACTICES RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents,

servants, and employees, and all other persons in active concert or participation with any of
them, who receive actual notice of this Order, whether acting directly or indirectly, in connection
with the sale of any products or services, are permanently restrained and enjoined from
misrepresenting or assisting others in misrepresenting, expressly or by implication, any material
fact, including, but not limited to:

A.     That consumers will recoup the cost of the Settling Defendants' products and
       services through the provision of any product or service any Settling Defendant
       offers, and/or provision of a tax deduction, tax refund, or tax credit;

B.     That consumers will be able to transfer the cost of the Settling Defendants'
       products and services to their future businesses;

C.     That consumers will have unlimited access to advisors;

D.     That any advisors will provide specialized expert advice tailored to the
       consumers' specific needs;

E.     That consumers will receive individualized business plans tailored to the
       consumer's particular business;

F.     That consumers will recoup the money they already paid to other companies if
       they purchase additional products and services from any Settling Defendant;

7

G.      That any person or entity is affiliated or associated with, under contract with,
        acting in partnership with, endorsed or approved by, or otherwise connected to
        any other person, business entity, or government entity;

H.      The cost of any product or service;

I.      Any material restriction, limitation, or condition on the product or service;

J.      Any material aspect of the nature or terms of any refund, cancellation, exchange,
        or repurchase policy for the product or service; and

K.      Any material aspect of the performance, efficacy, nature, or central characteristics
        of the product or service.

## V.      MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of ONE HUNDRED FORTY MILLION DOLLARS
        ($140,000,000) is entered in favor of the Plaintiffs against the Settling
        Defendants, jointly and severally, as equitable monetary relief. No monetary or
        other asset transfer required by this Order should be deemed a fine, penalty,
        forfeiture, or punitive assessment. This judgment shall be reduced by funds
        turned over to the Commission by the Settling Defendants as set forth below. All
        taxes and fees assessed against the Settling Defendants resulting from the sale or
        transfer of assets shall not reduce the amount of the judgment. Upon payments
        and transfer of all assets specified in Subsections B, C, F, and G, below, the
        remainder of the judgment is suspended, subject to Subsections K, L, and M,
        below.

8

B.  In partial satisfaction of the monetary judgment set forth above, Individual
    Defendant Pack shall, within seven (7) days of entry of this Order:

    1.  transfer to the Commission by electronic fund transfer in accordance with
        instructions to be provided by counsel for the Commission:

        a)  all funds held in the Bank of America account ending in 0598;

        b)  all funds held in the Merrill Lynch/Bank of America Investment
            account ending in 2179;

        c)  all funds held in the Etrade Investment account ending in 3164;
            and

        d)  all funds held in the Vanguard account ending in 6396

    2.  transfer to the Liquidator appointed in Section VI all funds held in Brendon
        Pack's Veristone Capital account.

C.  In partial satisfaction of the monetary judgment set forth above, the following
    actions with respect to the properties in the name of Harbor Live Work, LLC,
    located at 2371, 2373, 2375, 2377, 2379, 2381, 2383, 2401, 2403, 2403.5, 2405,
    2407, 2407.5 2409, 2409.5, and 2411 Harbor Avenue SW, Seattle, Washington,
    including, but not limited to the land, buildings, and any and all fixtures,
    appurtenances, and improvements, except anything owned by a tenant or third
    party and not owned by any Defendant ("Harbor Live Work Real Property") shall
    occur:

    1.  Individual Defendants Pack and Savage authorize the sale of the Harbor
        Live Work Real Property and all fixtures, appurtenances, and

9

improvements, except anything owned by a tenant or third party and not owned by any Defendant, to be conducted in the manner described in this Section. All net proceeds of that sale, after payment of all Harbor Live Work Real Property-related liens and debts shall be paid to the Commission;

2.  Individual Defendants Pack and Savage represent that they are the sole owners of Harbor Live Work, LLC and that they have the authority to sell the Harbor Live Work Real Property;

3.  Individual Defendants Pack and Savage represent and warrant that since April 28, 2014, they have not directly encumbered the Harbor Live Work Real Property with any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest, except for the liens, mortgages, or security interests identified in Individual Defendant Savage and Pack's sworn financial statements with attachments submitted to the FTC on May 9, 2014 and April 29, 2014, respectively.

4.  Individual Defendants Pack and Savage shall provide all lease agreements for the Harbor Live Work Real Property to the Liquidator. Individual Defendants Pack and Savage shall not renew any lease on nor re-let the Harbor Live Work Real Property without the approval of the Liquidator;

5.  Individual Defendants Pack and Savage shall, within seven (7) days after entry of this Order, transfer possession, custody, and control of the Harbor Live Work Real Property to the Liquidator;

10

6.    Individual Defendants Pack and Savage and Harbor Live Work, LLC shall
      cooperate fully with the Liquidator and take such other steps as the
      Liquidator may require in connection with the listing, marketing, and sale
      of the Harbor Live Work Real Property.  Harbor Live Work, LLC shall
      take no action to diminish or encumber the value of any asset to be
      transferred or sold;

7.    Individual Defendants Pack and Savage shall within five (5) days after
      entry of this Order take all steps requested by the Liquidator to assist and
      cooperate with the Liquidator, appointed by the Court in the Section titled
      "Appointment of Liquidator," in the sale of the Harbor Live Work Real
      Property, including the provision of all documents, contracts, and leases
      related to the Harbor Live Work Real Property, and any utility bills and
      account information, including any passwords necessary to change such
      accounts.  Individual Defendants Pack and Savage shall sign any
      documents necessary for the sale of the Harbor Live Work Real Property,
      including, but not limited to, any powers of attorney that the Liquidator
      may request them to sign in connection with the sale of the Harbor Live
      Work Real Property and any documents necessary for the transfer of the
      Harbor Live Work Real Property to new buyers, as well as any documents
      necessary to transfer any accounts, mail, or notices related to the Harbor
      Live Work Real Property to the Liquidator;

11

8.    Individual Defendants Pack and Savage shall cooperate fully and not
      interfere with the Liquidator's efforts to enter onto, market, and sell the
      Harbor Live Work Real Property, including, but not limited to, the
      Liquidator's efforts to gain access to and show the Harbor Live Work Real
      Property to prospective purchasers or brokers or to evaluate or cause his
      agents, representatives or contractors to maintain, repair, restore, and
      evaluate the condition of the property from the entry of this Order and
      thereafter. Upon request of the Liquidator, Individual Defendants Pack and
      Savage shall provide a set of all keys and/or codes used for the Harbor Live
      Work Real Property to the Liquidator and/or his agent(s);

9.    Until possession, custody, and control of the Harbor Live Work Real
      Property is transferred to the Liquidator, Individual Defendants Pack and
      Savage shall maintain property and liability insurance on the Harbor Live
      Work Real Property for at least its replacement value; shall remain current
      on all amounts due and payable on the Harbor Live Work Real Property,
      including, but not limited to, taxes, utilities, reasonable and necessary
      maintenance, homeowner's assessments, sewer and/or water use charges
      and similar fees; and shall promptly provide the Plaintiffs and the
      Liquidator with written paid receipts to the satisfaction of the Plaintiffs and
      the Liquidator upon the transfer of the Harbor Live Work Real Property.
      Upon transfer of possession, custody, and control to the Liquidator, the
      Liquidator shall maintain property and liability insurance and use his best

12

efforts to include Individual Defendants Pack and Savage as additional
insured parties until such time as they no longer own and maintain title to
the Harbor Live Work Real Properties;

10.    Individual Defendants Pack and Savage shall take no action to diminish the
value of the Harbor Live Work Real Property. The Liquidator shall be
permitted to list the Harbor Live Work Real Property for sale upon entry of
this Order;

11.    Individual Defendants Pack and Savage shall, upon entry of this Order,
notify all tenants in the Harbor Live Work Real Property as follows:

   a)    that a Liquidator has been appointed to sell the Harbor Live Work
         Real Property and is in charge of the Harbor Live Work Real
         Property;

   b)    that all rents shall be paid to the Liquidator;

   c)    that all requests concerning the Harbor Live Work Real Property
         should be made to the Liquidator; and

   d)    that they are required to cooperate with the Liquidator;

12.    Upon transfer of possession, custody, and control of the Harbor Live Work
Real Property to the Liquidator, which transfer shall occur within seven (7)
days of entry of this Order, Individual Defendants Pack and Savage and
Harbor Live Work, LLC shall no longer receive any rent, or anything of
value, for the Harbor Live Work Real Property, and shall immediately turn
over any rents received to the Liquidator;

13

13.     Individual Defendants Pack and Savage shall within seven (7) days of entry
        of this Order, transfer to the Liquidator any security deposits or other
        payments that any tenants of the Harbor Live Work Real Property have
        paid to or deposited with Individual Defendants Pack or Savage or Harbor
        Live Work, LLC in connection with any leases or contracts with respect to
        the Harbor Live Work Real Property;

14.     Individual Defendants Pack and Savage shall within three (3) days after
        entry of this Order, provide a list to the Liquidator setting forth the names
        of all tenants in the Harbor Live Work Real Property and their contact
        information, including any phone numbers and e-mail addresses;

15.     Upon sale of the Harbor Live Work Real Property, Individual Defendants
        Pack and Savage and Harbor Live Work, LLC forever waive, release,
        discharge, and disclaim all right, title, and interest, including any
        homestead, in the Harbor Live Work Real Property described in this
        Section;

16.     All ad valorem taxes, any transfer fees, recording fees, other fees,
        advertising, and any commissions associated with or resulting from the sale
        of the Harbor Live Work Real Property shall be paid from the proceeds of
        the sale at the time the Harbor Live Work Real Property is sold;

17.     Individual Defendants Pack and Savage shall in no way profit from the sale
        of the Harbor Live Work Real Property, including by sharing in any sales
        commission or fee, or by receiving anything of value in kind.

D.  In partial satisfaction of the monetary judgment set forth above, the Settling Defendants shall relinquish all right, title and interest in the funds held in the reserve accounts maintained in connection with the merchant agreement between any Settling Defendant and Capital Payments, LLC, d/b/a Blue Fin Payment Systems, including, but not limited to all funds in the following accounts:

1.  Bookkeeping Services account ending in 0138;

2.  Essential Planning account ending in  0179;

3.  The Success Planning Group account ending in 0989;

4.  Corporate Tax Network account ending in 1276;

5.  The Tax Club account ending in 0465;

6.  The Success Planning Group 2 account ending in 0523;

7.  Corporate Credit account ending in 6647;

8.  Prestige Financing Services account ending in 8729;

9.  Email Cash account ending in 9398;

10.  Maverick MM  account ending in 8317;

11.  Global Education account ending in 4829;

12.  Real Estate Wire account ending in 4571; and

13.  Premier Coaching account ending in 4837.

E.  Individual Defendant Pack's spouse, Courtney Pack, waives all claims, if any, to the assets specified in Sections V.B, V.C and V.D above.  Courtney Pack shall cooperate fully with the Liquidator.  Courtney Pack shall take no action to diminish or encumber the value of any asset to be transferred or sold.

15

F.   In partial satisfaction of the monetary judgment set forth above, Individual
     Defendant Savage shall, within seven (7) days of entry of this Order, transfer to
     the Commission by electronic fund transfer in accordance with instructions to be
     provided by counsel for the Commission:

     1.   all funds held in the Bank of America accounts ending in 5521 and 7496;

     2.   all funds held in the Merrill Lynch Investment account ending in 2063;

     3.   all funds held in the Etrade Investment account ending in 6658;

     4.   all funds held in the Park Avenue Asset Management account ending in
          7005; and

     5.   all funds held in the American Funds account ending in 5935.

G.   In partial satisfaction of the monetary judgment set forth above, the following
     actions with respect to the properties located at 310 West 140th Street, New York,
     NY 10030 ("Savage New York Real Property"); 4001 Beach Drive, Seattle, WA
     ("Savage Beach Drive Seattle Real Property"); and 4140 and 4142 California
     Avenue SW, Seattle WA ("Savage California Avenue Seattle Real Property")
     (collectively "Savage Real Property") shall occur:

     1.   Individual Defendant Savage authorizes the sale of the Savage New York
          Real Property, including any structures, fixtures, appurtenances, and all
          improvements thereto, except anything owned by a tenant or third party
          and not owned by any Defendant, to be conducted in the manner described
          in this Section. All net proceeds of that sale, after payment of any Savage

New York Real Property-related priority liens, debts and mortgages, shall be paid to the Commission;

2.     Individual Defendant Savage represents that he is the sole owner of the Savage New York Real Property;

3.     Individual Defendant Savage and Tunkol, LLC authorize the sale of the Savage Beach Drive Seattle Real Property, including any structures, fixtures, appurtenances, and all improvements thereto, except anything owned by a tenant or third party and not owned by any Defendant, to be conducted in the manner described in this Section. All net proceeds of that sale, after payment of any Savage Beach Drive Seattle Real Property-related liens, debts and mortgages, shall be paid to the Commission;

4.     Individual Defendant Savage represents that Tunkol, LLC is the sole owner of the Savage Beach Drive Seattle Real Property. Individual Defendant Savage represents that he is the sole owner of Tunkol, LLC and has the authority to authorize the sale of the Savage Beach Drive Seattle Real Property;

5.     Individual Defendant Savage and 4142 California Avenue, LLC authorize the sale of the Savage California Avenue Seattle Real Property, including any structures, fixtures, appurtenances, and all improvements thereto, except anything owned by a tenant or third party and not owned by any Defendant, to be conducted in the manner described in this Section. All net proceeds of that sale, after payment of any Savage California Avenue

17

Seattle Real Property-related liens, debts and mortgages, shall be paid to the Commission;

6.    Individual Defendant Savage represents that 4142 California Avenue, LLC is the sole owner of the Savage California Avenue Seattle Real Property. Individual Defendant Savage represents that he is the sole owner of 4142 California Avenue, LLC and has the authority to authorize the sale of the Savage California Avenue Seattle Real Property;

7.    Individual Defendant Savage shall, within seven (7) days after entry of this Order, transfer possession, custody, and control of the Savage Real Property to the Liquidator appointed by the Court in the Section titled "Appointment of Liquidator;"

8.    Individual Defendant Savage, Tunkol, LLC and 4142 California Avenue, LLC shall cooperate fully with the Liquidator and take such other steps as the Liquidator may request in connection with the listing, marketing, and sale of the Savage Real Property. Individual Defendant Savage, Tunkol, LLC and 4142 California Avenue, LLC shall take no action to diminish or encumber the value of any asset to be transferred or sold;

9.    Individual Defendant Savage shall immediately on entry of this Order take all steps requested by the Liquidator to assist and cooperate with the Liquidator in the sale of the Savage Real Property, including the provision of all documents, contracts, leases, and any mortgages related to the Savage Real Property, and any utility bills and account information, including any

18

passwords necessary to change such accounts. Individual Defendant Savage shall sign any documents necessary for the sale of the Savage Real Property, including, but not limited to, any powers of attorney that the Liquidator may request him to sign in connection with the sale of the Savage Real Property and any documents necessary for the transfer of the Savage Real Property to new buyers, as well as any documents necessary to transfer any accounts, mail, or notices related to the Savage Real Property to the Liquidator;

10.   Individual Defendant Savage shall cooperate fully and not interfere with the Liquidator's efforts to enter onto, market, and sell the Savage Real Property, including, but not limited to, the Liquidator's efforts to gain access to and show the Savage Real Property to prospective purchasers or brokers or to evaluate or cause his agents, representatives or contractors to maintain, repair, restore, and evaluate the condition of the property from the entry of this Order and thereafter. Upon request, Individual Defendant Savage shall provide a set of all keys and/or codes used for the Savage Real Property to the Liquidator and/or his agent(s);

11.   Individual Defendant Savage represents and warrants that since April 28, 2014, he has not directly encumbered any of the Savage Real Property with any lien, mortgage, deed of trust, assignment, pledge, security interest, or other interest, except for the liens, mortgages, or security interests

19

identified in the sworn financial statements submitted to the Plaintiffs on May 9, 2014;

12.     Individual Defendant Savage shall provide all lease agreements for the Savage Real Property to the Liquidator.  Individual Defendant Savage shall not renew any lease nor re-let the Savage Real Property without the approval of the Liquidator;

13.     Until possession, custody, and control of the Savage Real Property is transferred to the Liquidator, Individual Defendant Savage shall maintain property and liability insurance on the Savage Real Property for at least its replacement value; shall remain current on all amounts due and payable on the Savage Real Property, including, but not limited to, taxes, mortgage, utilities, reasonable and necessary maintenance, homeowner's assessments, sewer and/or water use charges and similar fees; and shall promptly provide the Plaintiffs and the Liquidator with written paid receipts to the satisfaction of the Plaintiffs and Liquidator upon the transfer of the Savage Real Property.  Upon transfer of possession, custody, and control to the Liquidator, the Liquidator shall maintain property and liability insurance and use his best efforts to include Individual Defendant Savage as an additional insured party until such time as he no longer owns and maintains title to the Savage Real Properties;

20

14.    Individual Defendant Savage shall take no action to diminish the value of the Savage Real Property. The Liquidator shall be permitted to list the Savage Real Property for sale upon entry of this Order;

15.    Individual Defendant Savage shall, upon entry of this Order, notify all tenants in the Savage Real Property as follows:

    a)    that a Liquidator has been appointed to sell the Savage Real Property and is in charge of the Savage Real Property;

    b)    that all rents shall be paid to the Liquidator;

    c)    that all requests concerning the Savage Real Property should be made to the Liquidator; and

    d)    that they are required to cooperate with the Liquidator;

16.    Upon transfer of possession, custody, and control of the Savage Real Property to the Liquidator, which transfer shall occur within seven (7) days of entry of this Order, Individual Defendant Savage, Tunkol, LLC, and 4142 California Ave., LLC shall no longer receive any rent, or anything of value, for the Savage Real Property, and shall immediately turn over any rents received to the Liquidator;

17.    Individual Defendant Savage shall, within seven (7) days of entry of this Order, transfer to the Liquidator any security deposits or other payments that any tenants of the Savage Real Property have paid to or deposited with Individual Defendant Savage, Tunkol, LLC or 4142 California Avenue,

21

LLC in connection with any leases or contracts with respect to the Savage Real Property;

18. Individual Defendant Savage shall within three (3) days after entry of this Order, provide a list to the Liquidator setting forth the names of all tenants in the Savage Real Property and their contact information, including any phone numbers and e-mail addresses;

19. Upon sale of the Savage Real Property, Individual Defendant Savage, Tunkol, LLC, and 4142 California Avenue, LLC forever waive, release, discharge, and disclaim all right, title, and interest, including any homestead, in the Savage Real Property described in this Section;

20. All ad valorem taxes, any transfer fees, recording fees, other fees, advertising, and any commissions associated with or resulting from the sale of the Savage Real Property shall be paid from the proceeds of the sale at the time the Savage Real Property is sold; and

21. Individual Defendant Savage shall in no way profit from the sale of the Savage Real Property, including by sharing in any sales commission or fee, or by receiving anything of value in kind.

H. Individual Defendant Savage's spouse, Sandra Savage, waives all claims, if any, to the assets specified in Sections V.C, V.D, V.F and V.G above. Sandra Savage shall cooperate fully with the Liquidator and take such other steps as the Liquidator may request in connection with the listing, marketing, and sale of the

22

Savage Real Property.  Sandra Savage shall take no action to diminish or encumber the value of any asset to be transferred or sold.

I.    Individual Defendants Pack and Savage shall maintain and take no action to diminish or encumber the value of any asset to be transferred.

J.    All payments made under this Section shall be made by electronic fund transfer in accordance with instructions provided by a representative of the Commission. Any financial institution or payment processor with control over any account identified in Subsections B, D and F above is directed to cooperate with the Commission in facilitating the transfer of funds in the account to the Commission.

K.    Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Individual Defendants Pack and Savage and the Corporate Defendants' sworn financial statements and related documents (collectively, "Financial Attestations") submitted to the Plaintiffs, namely:

1.    The Financial Statement of Individual Defendant Pack signed on April 29, 2014, including the attachments;

2.    The Financial Statement of Individual Defendant Savage signed on May 9, 2014, including the attachments;

3.    Homeowner insurance policies on the Real Property;

4.    Individual Defendant Pack's tax returns for 2008 – 2012;

5.    Individual Defendant Savage's tax returns for 2008 – 2012;

6.    Corporate Defendants consolidated P&L, December 31, 2013;

23

7.    The Financial Statement of Corporate Defendant The Tax Club, Inc. signed
      on April 28, 2014;

8.    The Financial Statement of Corporate Defendant Corporate Tax Network,
      LLC signed on April 28, 2014;

9.    Defendant Corporate Tax Network, LLC's Balance Sheet and Profit &
      Loss Statements for the year ending December 31, 2012 and December 31,
      2013;

10.   The Financial Statement of Corporate Defendant Marble Base, Inc. signed
      on April 29, 2014;

11.   Marble Base, Inc.'s Balance Sheet and Profit & Loss Statement for the
      years ending December 31, 2010 through December 31, 2013;

12.   The Financial Statement of 1800Accountant signed on April 28, 2014;

13.   1800Accountant's Balance Sheet and Profit & Loss Statement for years
      ending December 31, 2012 and December 31, 2013;

14.   1800Accountant's tax return for 2012;

15.   The Financial Statement of Corporate Defendant 6015, LLC signed on
      April 28, 2014;

16.   The Financial Statement of Corporate Defendant Visavis, Inc. signed on
      April 28, 2014;

17.   The Financial Statement of Corporate Defendant Manhattan Professional
      Group, Inc. signed on April 28, 2014;

24

18. The Financial Statement of Corporate Defendant Premier Coaching & Consulting, LLC, signed on April 29, 2014;

19. Premier Coaching and Consulting, LLC's Balance Sheet and Profit & Loss Statement dated April 29, 2014 and for the years ending December 31, 2011 through December 31, 2013;

20. The Financial Statement of Corporate Defendant HB Marketing Services, LLC, signed on April 29, 2014;

21. HB Marketing Services, LLC's Balance Sheet and Profit & Loss Statement dated April 29, 2014 and for the years ending December 31, 2011 through December 31, 2013; and

22. The Financial Statement of Corporate Defendant 5410, Inc. signed on April 28, 2014.

L. The suspension of the judgment will be lifted as to any Settling Defendant if, upon motion by any of the Plaintiffs, the Court finds that that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

M. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection A. above, which the parties stipulate only for purposes of this Section represents the consumer injury, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

25

N.    The Settling Defendants relinquish dominion and all legal and equitable right,
      title, and interest in all assets transferred pursuant to this Order and may not seek
      the return of any assets.

O.    The facts alleged in the Amended Complaint will be taken as true, without further
      proof, in any subsequent civil litigation by or on behalf of any Plaintiff in a
      proceeding to enforce such Plaintiff's rights to any payment or monetary
      judgment pursuant to this Order, such as a nondischargeability complaint in any
      bankruptcy case.

P.    The facts alleged in the Amended Complaint establish all elements necessary to
      sustain an action by any of the Plaintiffs pursuant to Section 523(a)(2)(A) of the
      Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral
      estoppel effect for such purposes.

Q.    The Settling Defendants acknowledge that their Taxpayer Identification Numbers
      (Social Security Numbers or Employer Identification Numbers), which the
      Settling Defendants previously submitted to the Plaintiffs, may be used for
      collecting and reporting on any delinquent amount arising out of this Order, in
      accordance with 31 U.S.C. § 7701.

R.    All money paid to Plaintiffs pursuant to this Order may be deposited into a fund
      administered by the Commission or its designee to be used for equitable relief,
      including consumer redress and any attendant expenses for the administration of
      any redress fund. If a representative of the Commission decides that direct
      redress to consumers is wholly or partially impracticable or money remains after

26

redress is completed, Plaintiffs may apply any remaining money for such other equitable relief (including consumer information remedies) as they determine to be reasonably related to Defendants' practices alleged in the Amended Complaint. Plaintiffs shall retain authority and sole discretion over the division among Plaintiffs of any funds not used for equitable relief. Any funds paid to the Commission not used for equitable relief shall be deposited to the U.S. Treasury as disgorgement. Any funds paid to the State of Florida or the State of New York not used for equitable relief may be used by such State to the full extent authorized by such State's laws, including but not limited to, as payment for such State's costs of investigating and litigating the instant case. The Settling Defendants have no right to challenge any actions the Plaintiffs or their representatives may take pursuant to this Subsection.

## VI.    APPOINTMENT AND DUTIES OF LIQUIDATOR

**IT IS FURTHER ORDERED** that Peter B. Zlotnick, Esq., a partner in the Litigation Department at the New York law firm of Farrell Fritz, P.C., is appointed as Liquidator ("Liquidator") with regard to the Savage Real Property, and the Harbor Live Work Real Property described in Sections V.C, and V.G, of the Section titled "Monetary Judgment," above, with direction and authority to accomplish the following:

A.    The Liquidator shall immediately assume the duties of a Liquidator for the Savage Real Property and the Harbor Live Work Real Property.

B.    The Liquidator shall have the full power of an equity receiver of the Savage Real Property and the Harbor Live Work Real Property; shall be solely the agent of this

27

Court; and shall be accountable directly to the Court in acting as the liquidating
equity receiver under this Order. The Liquidator shall comply with all Local
Rules of this Court governing equity receivers.

C.   In his capacity as a full equity receiver, the Liquidator shall have all necessary
     powers and authority, within his sole discretion, in consultation with the Plaintiffs
     and subject to Court approval, to own, maintain, and sell the Savage Real
     Property and the Harbor Live Work Real Property, including, without limitation,
     the following powers and responsibilities:

     1.   to take possession, custody, and control of the Savage Real Property and
          the Harbor Live Work Real Property in order to sell them;

     2.   to employ such counsel, real estate agents, auctioneers, appraisers,
          accountants, contractors, other professionals, and other such persons as
          may be necessary in order to carry out his duties as Liquidator and to
          preserve, maintain, and protect the Savage Real Property and the Harbor
          Live Work Real Property until they are sold;

     3.   to open new accounts with, or negotiate, compromise, or otherwise modify
          Individual Defendants Pack and Savage's and Harbor Live Work, LLC's
          existing obligations with third parties, including utility companies, other
          service providers, or suppliers of goods and services related to the Harbor
          Live Work Real Property;

     4.   to open new accounts with, or negotiate, compromise, or otherwise modify
          Individual Defendant Savage's, Tunkol, LLC's, and 4142 California

28

Avenue, LLC's existing obligations with third parties, including utility companies, other service providers, or suppliers of goods and services related to the Savage Real Property;

5.  to retain, hire, or fire any employees, brokers, consultants, real estate agents, or others who are currently employed or have any agreement with regard to the Harbor Live Work Real Property or Savage Real Property;

6.  to otherwise enter into such agreements, contracts, or understandings with such third parties as are necessary to maintain, preserve, and protect the Harbor Live Work Real Property and/or the Savage Real Property prior to their sale;

7.  to re-negotiate, modify, or end any leases with any tenants on the Harbor Live Work Real Property and/or the Savage Real Property and to enter into any new leases as necessary;

8.  to collect, marshal, and take possession of all accounts, mail, and other documents in the possession, custody, or control of Individual Defendants Pack and Savage that relate to the Harbor Live Work Real Property. The Liquidator shall have the power to change the mailing address of Individual Defendants Pack and Savage and Harbor Live Work, LLC solely with respect to items in connection with the Harbor Live Work Real Property and the sale of the Harbor Live Work Real Property, including, but not limited to any items arising out of or in connection with the ownership, maintenance, or sale of the Harbor Live Work Real Property;

9.  to collect, marshal, and take possession of all accounts, mail, and other documents in the possession, custody, or control of Individual Defendant Savage, Tunkol, LLC, and 4142 California Avenue, LLC that relate to the Savage Real Property. The Liquidator shall have the power to change the mailing address of Individual Defendant Savage, Tunkol, LLC, and 4142 California Avenue, LLC, solely with respect to items in connection with the Savage Real Property and the sale of the Savage Real Property, including, but not limited to, any items arising out of or in connection with the ownership, maintenance, or sale of the Savage Real Property;

10. to take any steps which the Liquidator deems necessary or advisable to secure the Savage Real Property and the Harbor Live Work Real Property, including changing any locks on any structures or buildings on the Savage Real Property and the Harbor Live Work Real Property;

11. to take any and all steps which the Liquidator deems necessary or advisable to transfer all legal, beneficial and equitable rights, title and interest in and to the Savage Real Property and the Harbor Live Work Real Property to the Liquidator or any entity created by the Liquidator for the purpose of facilitating the marketing and sale of the Savage Real Property and the Harbor Live Work Real Property; provided, however, that the Liquidator shall be under no obligation to cause the title or deed of the Savage Real Property and the Harbor Live Work Real Property to be transferred into his

30

name, in his capacity as Liquidator, or an entity which he may form for that purpose;

12. to open new bank accounts, including, but not limited to, the Liquidator's Operating Account, to facilitate the Liquidator's ownership, management, maintenance, and sale of the Savage Real Property and the Harbor Live Work Real Property;

13. to collect rents and any other payments from any tenants on the Savage Real Property or the Harbor Live Work Real Property and to use such payments to facilitate the Liquidator's management, maintenance, and sale of the Savage Real Property and the Harbor Live Work Real Property;

14. to collect from the Settling Defendants or their agents, employees, or other authorized representatives or designees, any security deposits or other payments that any tenants on the Savage Real Property or the Harbor Live Work Real Property, have paid to or deposited with the Settling Defendants, their agents, employees or other authorized representatives or designees in connection with any leases or contracts with respect to the Savage Real Property or the Harbor Live Work Real Property;

15. to make payments and disbursements from the Liquidator's Operating Account or upon the sale of the Savage Real Property and the Harbor Live Work Real Property that are necessary or advisable to carry out the directions of, or exercise the authority granted to, the Liquidator pursuant to this Order;

31

      16.    to apply to this Court for such other or further directions, powers, and

                authority as may be necessary to enable the Liquidator to fulfill his duties.

D.    As soon as reasonably possible, the Liquidator shall, at a reasonable cost and in a

      commercially reasonable fashion, liquidate, market and sell the Savage Real

      Property and the Harbor Live Work Real Property, together with any and all

      fixtures, appurtenances, and improvements, except anything owned by a tenant or

      third party and not owned by any Defendant. After each of the separate properties

      in the Savage Real Property and the Harbor Live Work Real Property has been

      liquidated and sold, the Liquidator shall account for the net sale proceeds derived

      therefrom, and transfer all such net proceeds to the Commission. The Liquidator

      shall make the transfer required by this Subsection by electronic fund transfer or

      certified bank or cashier's check in accordance with instructions provided by

      counsel for the Commission.

E.    Upon transfer of legal, beneficial, and equitable title or the possession, custody or

      control of the Savage Real Property and the Harbor Live Work Real Property to

      the Liquidator, the Liquidator is authorized to assume responsibility for

      ownership, maintenance, or sale of the Savage Real Property and the Harbor Live

      Work Real Property, including but not limited to, making disbursements for

      operating expenses as may be appropriate, undertaking repairs, and taking any

      other actions necessary to efficiently manage the Savage Real Property and the

      Harbor Live Work Real Property and to maintain its value.

32

F.     Upon transfer of legal, beneficial, and equitable title or the possession, custody or
       control of the Savage Real Property and the Harbor Live Work Real Property to
       the Liquidator, Individual Defendants Pack and Savage shall have no
       responsibility or liability for the maintenance or condition of the Savage Real
       Property and Harbor Live Work Real Property unless such conditions were
       caused by their negligence or intentional acts prior to the transfer of the Savage
       Real Property and Harbor Live Work Real Property, or if they cause any harm to
       the Savage Real Property or the Harbor Live Work Real Property after the
       transfer of legal, beneficial, and equitable title or the possession, custody or
       control of such properties. In all other instances, the Liquidator shall be
       responsible for the maintenance and condition of the Savage Real Property and
       the Harbor Live Work Real Property upon transfer of legal, beneficial, and
       equitable title or the possession, custody or control of such properties. The
       Liquidator shall indemnify and hold Individual Defendants Pack and Savage
       harmless from and against any claims relating to such properties arising from the
       negligence or intentional acts of the Liquidator, or his agents, representatives,
       contractors, employees, personnel or anyone else hired, directed or controlled by
       the Liquidator.

G.     The Liquidator shall take all necessary action to procure appropriate property and
       liability insurance for the Savage Real Property and the Harbor Live Work Real
       Property naming the Liquidator and the Plaintiffs as insureds. The Liquidator
       shall use his best efforts to add (1) Individual Defendants Pack and Savage as

33

insureds for any such insurance he procures for the Harbor Live Work Property
and (2) Individual Defendant Savage as an insured for any such insurance he
procures for the Savage Properties. The Liquidator may as an option keep in
force the existing insurance coverage(s), each of which shall name the Plaintiffs
and the Liquidator as additional insureds thereunder. Best efforts shall include:
(1) attempting to add the Liquidator and the Plaintiffs to the insurance policies
currently in place on the Harbor Live Work Real Property and the Savage Real
Property; and (2) approaching five (5) insurance companies to obtain insurance on
the Harbor Live Work Real Property and the Savage Real Property that names the
Plaintiffs and Individual Defendants Pack and Savage as additional insureds.

H.     The Liquidator shall pay and remain current on all amounts due and payable on
       the Savage Real Property and the Harbor Live Work Real Property, including, but
       not limited to, taxes, mortgage, utilities, reasonable and necessary maintenance,
       homeowner's assessments, sewer and/or water use charges and similar fees.

I.     The Liquidator shall keep a true and accurate account of any and all receipts and
       expenditures and periodically file with the Court a Liquidator's Report under
       oath, accurately identifying all such revenues received and expenditures made,
       including adequately detailed information concerning income, expenses, payables
       and receivables. These periodic filings shall be served by the Liquidator on the
       Counsel for the Plaintiffs.

J.     The Liquidator and all personnel hired by the Liquidator as herein authorized,
       including any accountants or other professionals employed or engaged by him, are

34

entitled to reasonable compensation for the performance of duties undertaken pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them. The Liquidator's compensation and the compensation of any persons hired by him shall be paid from the following: (a) certain proceeds of the monetary judgment entered in this action pursuant to this Order in favor of the Plaintiffs and against the Settling Defendants as set forth in greater detail above and transferred to a Liquidator's Operating Account, which account shall be opened by the Liquidator, *inter alia*, for the purpose of paying the compensation and other reasonable expenses of the Liquidator and his professionals and for paying any other reasonable expenses necessary to maintain the Savage Real Property and the Harbor Live Work Real Property until it is sold; and/or (b) from the proceeds of the sale of the Savage Real Property and the Harbor Live Work Real Property. Such payments for the compensation of the Liquidator and the Liquidator's professionals shall have priority over all other distributions except for any transfer fees, recording fees, or other payments owed through the transfer of the Savage Real Property and the Harbor Live Work Real Property at the time of its sale. The Liquidator shall file with the Court and serve on the parties a request for the payment of reasonable compensation at the time of the filing of periodic reports and no less than every sixty (60) days. The Liquidator shall not increase the fees or rates used as the basis for such fee applications without prior approval of the Plaintiffs and the Court. The Settling Defendants shall have no right to object to the Liquidator's fees or compensation. Absent a violation of this

35

Order by any Defendant or Defendant's family members that causes the
Liquidator to incur fees or expenses, Individual Defendants Pack or Savage shall
not be liable for the Liquidator's fees or expenses.

## VII.    WITHDRAWAL AND TERMINATION OF LIQUIDATOR

### IT IS FURTHER ORDERED that:

A.    The Liquidator and any professionals retained by the Liquidator are hereby
authorized to withdraw from their respective appointments or representations at
any time after the date of this Order, for any reason in their sole and absolute
discretion, by sending written notice seven (7) days prior to the date the
Liquidator intends to withdraw to the Court and to the parties; and such
Liquidator and professionals shall be relieved of all liabilities and responsibilities
seven (7) days from the date of such notice of withdrawal. The written notice
shall include an interim report indicating the Liquidator's actions and shall reflect
the knowledge and information obtained through the date of the report by the
Liquidator concerning the ownership, management, maintenance, and/or sale of
the Real Property, as well as recommendations of the Liquidator, if any, with
respect thereto.

B.    Upon the final transfer of all funds to the Commission pursuant to the Section
titled "Appointment and Duties of Liquidator," the duties of the Liquidator shall
terminate. The Liquidator shall file his final application for fees, complete
liquidation, and terminate his service within one year of the execution of this
Order, unless good cause is shown to extend beyond one year. At the termination

36

of the Liquidator's duties, the Liquidator shall transfer any unliquidated right,

title, and interest in the Savage Real Property and the Harbor Live Work Real

Property to the Commission, as well as any amounts remaining in the Liquidator's

Operating Account.

## VIII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents,

servants, and employees, and all other persons in active concert or participation with any

of them, who receive actual notice of this Order, are permanently restrained and enjoined

from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Plaintiffs to

efficiently administer consumer redress. If a representative of any Plaintiff

requests in writing any information related to redress, the Settling Defendants

must provide it, in the form prescribed by such Plaintiff, within 14 days; and

B. disclosing, selling, or otherwise providing third parties with customer

information, including the name, address, telephone number, email address, social

security number, other identifying information, or any data that enables access to

a customer's account, including a credit card, bank account, or other financial

account, that any Defendant obtained prior to entry of this Order from any other

entity that Defendants classify as a business opportunity lead source.

## IX. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that the Settling Defendants obtain

acknowledgments of receipt of this Order:

37

A.    Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 10 years after entry of this Order, each Individual Defendant for any business such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a redacted copy of this Order (in the form attached as Attachment B) to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

38

1.      Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

39

1. Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

40

_____" and supplying the date, signatory's full name, title (if applicable), and
signature.

E.    Unless otherwise directed by a Commission representative in writing, all
      submissions to the Commission pursuant to this Order must be emailed to
      DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:
      Associate Director for Enforcement, Bureau of Consumer Protection, Federal
      Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The
      subject line must begin: FTC, et al. v. The Tax Club, et al., X130019.

## XI.    RECORDKEEPING

**IT IS FURTHER ORDERED** that the Settling Defendants must create certain records
for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the
Corporate Defendants and each Individual Defendant, for any business that such Defendant,
individually or collectively with any other Defendant, is a majority owner or controls directly or
indirectly, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an
      employee or otherwise, that person's: name; addresses; telephone numbers; job
      title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests, whether received directly
      or indirectly, such as through a third party, and any response;

D.    all records necessary to demonstrate full compliance with each provision of this
      Order, including all submissions to the Plaintiffs; and

41

E.     a copy of each unique contract with any payment processor or list broker.

## XII.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of any Plaintiff, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69. Provided that Settling Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.     For matters concerning this Order, the Plaintiffs are authorized to communicate directly with each Settling Defendant. Settling Defendants must permit representatives of the Plaintiffs to interview any employee or other person affiliated with him who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to the

42

Settling Defendants or any individual or entity affiliated with the Settling

Defendants, without the necessity of identification or prior notice. Nothing in this

Order limits the Commission's lawful use of compulsory process, pursuant to

Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of enforcing this Order.

## FOR THE PLAINTIFFS:

Dated: 5/23/14

Darren Lubetzky
Ann F. Weintraub
Savvas Diacosavvas
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, New York 10004
Tel: 212-607-2829
Fax: 212-607-2822
*Counsel for Plaintiff Federal Trade Commission*

Dated: 5/23/14

Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Tel: 407-245-0833
Fax: 407-245-0365
*Counsel for Plaintiff State of Florida*

_____     Dated: _____

Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706
*Counsel for Plaintiff State of New York*

**FOR THE DEFENDANTS:**

Dated: _5/27/14_

Judith A. Archer
Peter Gujrguis
Sarah E. O'Connell
Fulbright & Jaworski L.L.P
666 Fifth Avenue
New York, New York, 10103
Tel: 212-318-3000
Fax: 212-318-3400
*Counsel for Defendants Pack, Savage,*
*and the Corporate Defendants*

_____     Dated: _____

Brendon A. Pack, *Defendant*

Dated: _5-12-2014_

Michael M. Savage, *Defendant*

Dated: _5-12-2014_

The Tax Club, Inc., *Defendant*

44

Dated: 5 -23- 1 4

Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706
*Counsel for Plaintiff State of New York*

**FOR THE DEFENDANTS:**

Dated: _____

Judith A. Archer
Peter Guirguis
Sarah E. O'Connell
Fulbright & Jaworski. L.L.P
666 Fifth Avenue
New York, New York, 10103
Tel: 212-318-3000
Fax: 212-318-3400
*Counsel for Defendants Pack, Savage,
and the Corporate Defendants*

Dated: 5/11/14

Brendon A. Pack, *Defendant*

Dated: _____

Michael M. Savage, *Defendant*

Dated: _____

The Tax Club, Inc., *Defendant*

44

_____                Dated: _____
Manhattan Professional Group, Inc., *Defendant*


_____                Dated: _____
5410, Inc., *Defendant*

_____                Dated: __5/11/14____
Marble Base, Inc., *Defendant*


_____                Dated: _____
6015, LLC, *Defendant*


_____                Dated: _____
Ikongo, Inc., *Defendant*


_____                Dated: __5/11/14____
Tahuya, Inc., *Defendant*


_____                Dated: _____
Visavis, Inc., *Defendant*


_____                Dated: _____
HB Marketing, LLC, *Defendant*


_____                Dated: _____
Premier Coaching & Consulting, LLC, *Defendant*

Manhattan Professional Group, Inc., *Defendant*

Dated: S..12-2014

5410, Inc., *Defendant*

Dated: S-12-2014

Marble Base, Inc., *Defendant*

Dated: _____

6015, LLC, *Defendant*

Dated: 5-12-2014

Ikongo, Inc., *Defendant*

Dated: 5-12-2014

Tabuya, Inc., *Defendant*

Dated: _____

Visavis, Inc., *Defendant*

Dated: 5-12-2014

HB Marketing, LLC, *Defendant*

Dated: 5-12-2014

Premier Coaching & Consulting, LLC, *Defendant*

Dated: 5-12-2014

45

_____                Dated: ___5-12-2014___
Skorpios Holdings, Inc. *Defendant*


_____                Dated: _____
Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Pack*


_____                Dated: ___5-12-2014___
Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Savage*


_____                Dated: __5-12-2014___
Tunkol, LLC, as to
Sections V.G, VI and VII *by Defendant Savage*


_____                Dated: ___5-12-2014___
4142 California Avenue, LLC, as to
Sections V.G, VI and VII


_____                Dated: _____
Courtney Pack, as to Section V.E, only


_____                Dated: ___5-7-2014___
Sandra C. Savage, as to
Section V.H, only


**IT IS SO ORDERED.**


_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

46

Dated: _____

_____
Skorpios Holdings, Inc. *Defendant*


_____                  Dated: __5/11/14__

Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Pack*


_____                  Dated: _____

Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Savage*


_____                  Dated: _____

Tunkol, LLC, as to
Sections V.G, VI and VII *by Defendant Savage*


_____                  Dated: _____

4142 California Avenue, LLC, as to
Sections V.G, VI and VII


_____                  Dated: __5/11//4__

Courtney Pack, as to Section V.E, only


_____                  Dated: _____

Sandra C. Savage, as to
Section V.H, only


### IT IS SO ORDERED.


_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

46