UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL TRADE COMMISSION,

STATE OF NEW YORK, and

STATE OF FLORIDA,

      Plaintiffs,

   v.

THE TAX CLUB, INC., et al.,

      Defendants, and

SANDRA C. SAVAGE,

      Relief Defendant.

Case No.  13-CV-210 (JMF)

**STIPULATED FINAL JUDGMENT
AND ORDER FOR PERMANENT
INJUNCTION AND MONETARY
RELIEF AS TO THE
CORPORATE DEFENDANTS AND
INDIVIDUAL DEFENDANTS
BRENDON A. PACK AND
MICHAEL M. SAVAGE**

---

Plaintiffs Federal Trade Commission ("FTC" or "Commission"), and the State of New

York and State of Florida, through their Attorneys General, filed their Complaint for Permanent

Injunction and Other Equitable Relief, subsequently amended as First Amended Complaint for

Permanent Injunction and Other Equitable Relief ("Amended Complaint"), for a permanent

injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and

19 of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the

Telemarketing and Consumer Fraud Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C.

§§ 6101-6108, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201

*et seq.*, and New York Executive Law § 63(12) ("NY Exec. Law"), in connection with the

1

marketing and sale of business development products and services. Plaintiffs, Individual

Defendants Brendon A. Pack and Michael M. Savage, and the Corporate Defendants (as defined

below) stipulate to the entry of this Stipulated Final Judgment and Order for Permanent

Injunction and Monetary Relief as to Individual Defendants Brendon A. Pack and Michael M.

Savage and the Corporate Defendants ("Order") to resolve all matters of dispute between them in

this action.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Amended Complaint charges that Defendants participated in deceptive acts or

    practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Trade

    Regulation Rule entitled Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part

    310, the New York Executive Law ("NY Exec. Law") §63(12), New York General

    Business Law ("GBL") §§ 349 and 350, and the Florida Deceptive and Unfair Trade

    Practices Act ("FDUPTA"), §501.201 *et. seq.*

3. The Settling Defendants (as defined below) neither admit nor deny any of the allegations

    in the Amended Complaint, except as specifically stated in this Order. Only for purposes

    of this action, the Settling Defendants admit the facts necessary to establish jurisdiction.

4. The Settling Defendants waive any claim they may have under the Equal Access to

    Justice Act, 28 U.S.C. §2412, concerning the prosecution of this action through the date

    of this Order, and agree to bear their own costs and attorney fees.

2

5. The Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions apply:

1. **"Business Coaching Services"** means any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish a business. The term Business Coaching Services expressly does not include tax or accounting services.

2. **"Credit Development Services"** means any product or service that is represented expressly or by implication to develop or obtain business credit..

3. **"Corporate Defendants"** means the Tax Club, Inc., also doing business as Success Merchant Services, Corporate Tax Network, Corporate Credit, and E-tax Hotline 8882790191; Manhattan Professional Group, Inc., also doing business as The Tax Club, Bookeeping Services, Bookkeeping Services, Ikongo, Essential Planning, Corporate Tax Network, Business Document Center, the Success Planning Group, All Access Books, and Vital Payroll; 5410, Inc., also doing business as Internet Marketing Success, the Success Planning Group, Success Planning Group 2, Success Online, Business Credit, Success Merchant Processing, Real Estate Wire, Day Trade Team, Funding Fasttrack, Corporate Credit, Corporate Credit 2, and Prestige Financing Services; Marble Base, Inc., also doing business as Business Resources, Corporate Solutions, Business Success, Business Services, Online Development, and Jade Seek; 6015, LLC, also doing business as Cypress Corp. Services, My Tax Service, and Accounting Group Services; Ikongo,

Inc.; Tahuya, Inc.; Visavis, Inc.; HB Marketing Services, LLC, also doing business as
Global Education, Website Services, Cell Phone Coaching, Maverick MM, and Email
Cash; Premier Coaching & Consulting, LLC, also doing business as Premier Coaching,
Website Services, AC Secrets: 8774372521, Automatic Profit System, Advanced Profits,
VIP Profits, Automatic Profit System VIP, and Automatic Profit System Advanced;
Skorpios Holdings, Inc., also known as Skorpios Holding, Inc., and any fictitious
business entities or business names created or used by these entities, and their successors
and assigns.

4. **"Defendants"** means Individual Defendants Michael M. Savage and Brendon A. Pack,
Edward B. Johnson, Gary J. Milkwick and the Corporate Defendants, individually,
collectively, or in any combination.

5. **"Individual Defendant Pack"** means Brendon A. Pack.

6. **"Individual Defendant Savage"** means Michael M. Savage.

7. **"Person"** means a natural person, organization, or other legal entity, including a
corporation, partnership, proprietorship, association, cooperative, government or
governmental subdivision or agency, or any other group or combination acting as an
entity.

8. **"Plaintiffs"** means the Federal Trade Commission ("FTC" or "Commission"), the State
of New York, and the State of Florida.

9. **"Settling Defendants"** means Individual Defendants Pack and Savage and the
Corporate Defendants.

4

10. **"Telemarketing"** means any plan, program or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

11. **"Work-at-Home Opportunity"** means any product or service, including any program or plan, that is represented, expressly or by implication, to assist a consumer in any manner to earn money while working from home.

## ORDER

I.    BAN ON MARKETING OR SALE OF BUSINESS COACHING SERVICES, CREDIT DEVELOPMENT SERVICES, AND WORK-AT-HOME OPPORTUNITIES

**IT IS ORDERED** that the Settling Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale any Business Coaching Services, Credit Development Services, or Work-at-Home Opportunities.

Provided, however, this provision does not include tax or accounting services, including tax consulting and preparation, bookkeeping, and payroll.

II.   PROHIBITION ON OUTBOUND TELEMARKETING

**IT IS ORDERED** that the Settling Defendants are permanently restrained and enjoined from initiating outbound telephone calls to induce the purchase of products or services whether directly or through an intermediary.

Provided, however, this provision does not apply where the Settling Defendants have obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to

5

which the calls may be placed and the signature of that person, prior to any outbound telemarketing. For the purpose of this Section, the term "signature" shall include an electronic or digital form of signature, to the extent that such form of signature is recognized as a valid signature under applicable federal law or state contract law. This written signature requirement is met if such signature complies with the requirements of the Electronic Signature in Global and National Commerce Act ("E-SIGN"). For the purposes of this Section only, "in writing" shall include writings in digital or electronic format.

Provided, however, this provision does not prohibit outbound telephone calls to persons who have purchased products concerning services to be fulfilled or provided by the Settling Defendants related to such previous purchases, until such time as the purchaser makes a do-not-call request. Provided, however, nothing in this Section limits the requirements imposed by any provision of the TSR on any Settling Defendant. (A copy of the TSR is attached as Attachment A.)

## III.  PROHIBITIONS RELATING TO TELEMARKETING PRACTICES

**IT IS FURTHER ORDERED** that, in connection with telemarketing, the Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any product or service, are permanently restrained and enjoined from:

A.  Failing to disclose truthfully, promptly, and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of those good or services; and

6

      B.      Violating any provision of the TSR. (A copy of the TSR is attached as

              Attachment A.)

## IV.    PROHIBITED PRACTICES RELATING TO ANY PRODUCTS OR SERVICES

        **IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents,

servants, and employees, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, whether acting directly or indirectly, in connection

with the sale of any products or services, are permanently restrained and enjoined from

misrepresenting or assisting others in misrepresenting, expressly or by implication, any material

fact, including, but not limited to:

      A.      That consumers will recoup the cost of the Settling Defendants' products and

              services through the provision of any product or service any Settling Defendant

              offers, and/or provision of a tax deduction, tax refund, or tax credit;

      B.      That consumers will be able to transfer the cost of the Settling Defendants'

              products and services to their future businesses;

      C.      That consumers will have unlimited access to advisors;

      D.      That any advisors will provide specialized expert advice tailored to the

              consumers' specific needs;

      E.      That consumers will receive individualized business plans tailored to the

              consumer's particular business;

      F.      That consumers will recoup the money they already paid to other companies if

              they purchase additional products and services from any Settling Defendant;

7

G. That any person or entity is affiliated or associated with, under contract with, acting in partnership with, endorsed or approved by, or otherwise connected to any other person, business entity, or government entity;

H. The cost of any product or service;

I. Any material restriction, limitation, or condition on the product or service;

J. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy for the product or service; and

K. Any material aspect of the performance, efficacy, nature, or central characteristics of the product or service.



below.



9





11



12



13



14







17







20



21





















31











[REDACTED]

**VIII.    CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that the Settling Defendants, their officers, agents, servants, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient customer information to enable the Plaintiffs to efficiently administer consumer redress.  If a representative of any Plaintiff requests in writing any information related to redress, the Settling Defendants must provide it, in the form prescribed by such Plaintiff, within 14 days; and

B.    disclosing, selling, or otherwise providing third parties with customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account, including a credit card, bank account, or other financial account, that any Defendant obtained prior to entry of this Order from any other entity that Defendants classify as a business opportunity lead source.

**IX.    ORDER ACKNOWLEDGMENTS**

**IT IS FURTHER ORDERED** that the Settling Defendants obtain acknowledgments of receipt of this Order:

A.     Each Settling Defendant, within 7 days of entry of this Order, must submit to the
       Commission an acknowledgment of receipt of this Order sworn under penalty of
       perjury.

B.     For 10 years after entry of this Order, each Individual Defendant for any business
       such Defendant, individually or collectively with any other Defendants, is the
       majority owner or controls directly or indirectly, and each Corporate Defendant
       must deliver a redacted copy of this Order (in the form attached as Attachment B)
       to: (1) all principals, officers, directors, and LLC managers and members; (2) all
       employees, agents, and representatives who participate in conduct related to the
       subject matter of the Order; and (3) any business entity resulting from any change
       in structure as set forth in the Section titled "Compliance Reporting." Delivery
       must occur within 7 days of entry of this Order for current personnel. For all
       others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of
       this Order, that Settling Defendant must obtain, within 30 days, a signed and
       dated acknowledgment of receipt of this Order.

## X.     COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that the Settling Defendants make timely submissions to
the Commission:

A.     One year after entry of this Order, each Settling Defendant must submit a
       compliance report, sworn under penalty of perjury:

38

1.    Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.    Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest; and (c) describe in detail such Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 20 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

39

1.    Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.    Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Individual Defendant performs services whether as an employee or otherwise and any entity in which such Individual Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.    Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

40

_____" and supplying the date, signatory's full name, title (if applicable), and
signature.

E. Unless otherwise directed by a Commission representative in writing, all
submissions to the Commission pursuant to this Order must be emailed to
DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:
Associate Director for Enforcement, Bureau of Consumer Protection, Federal
Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The
subject line must begin: FTC, et al. v. The Tax Club, et al., X130019.

## XI.   RECORDKEEPING

**IT IS FURTHER ORDERED** that the Settling Defendants must create certain records
for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, the
Corporate Defendants and each Individual Defendant, for any business that such Defendant,
individually or collectively with any other Defendant, is a majority owner or controls directly or
indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an
employee or otherwise, that person's: name; addresses; telephone numbers; job
title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly
or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this
Order, including all submissions to the Plaintiffs; and

41

E.    a copy of each unique contract with any payment processor or list broker.

## XII.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring the Settling

Defendants' compliance with this Order, including the financial representations upon which part

of the judgment was suspended and any failure to transfer any assets as required by this Order:

- A.    Within 14 days of receipt of a written request from a representative of any
    Plaintiff, each Settling Defendant must: submit additional compliance reports or
    other requested information, which must be sworn under penalty of perjury;
    appear for depositions; and produce documents for inspection and copying. The
    Plaintiffs are also authorized to obtain discovery, without further leave of court,
    using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30
    (including telephonic depositions), 31, 33, 34, 36, 45, and 69. Provided that
    Settling Defendants, after attempting to resolve a dispute without court action and
    for good cause shown, may file a motion with this Court seeking an order for one
    or more of the protections set forth in Rule 26(c).

- B.    For matters concerning this Order, the Plaintiffs are authorized to communicate
    directly with each Settling Defendant. Settling Defendants must permit
    representatives of the Plaintiffs to interview any employee or other person
    affiliated with him who has agreed to such an interview. The person interviewed
    may have counsel present.

- C.    The Plaintiffs may use all other lawful means, including posing, through their
    representatives as consumers, suppliers, or other individuals or entities, to the

42

Settling Defendants or any individual or entity affiliated with the Settling

Defendants, without the necessity of identification or prior notice. Nothing in this

Order limits the Commission's lawful use of compulsory process, pursuant to

Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of enforcing this Order.

## FOR THE PLAINTIFFS:

_____                          Dated: _____

Darren Lubetzky
Ann F. Weintraub
Savvas Diacosavvas
Federal Trade Commission
Northeast Region
1 Bowling Green, Suite 318
New York, New York 10004
Tel: 212-607-2829
Fax: 212-607-2822
*Counsel for Plaintiff Federal Trade Commission*

_____                          Dated: 5/23/14

Robert G. Clements
Office of the Attorney General
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Tel: 407-245-0833
Fax: 407-245-0365
*Counsel for Plaintiff State of Florida*

43

Dated: _____

_____
Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706
*Counsel for Plaintiff State of New York*

**FOR THE DEFENDANTS:**

_____                    Dated: _5/27/14_
Judith A. Archer
Peter Gurguis
Sarah E. O'Connell
Fulbright & Jaworski L.L.P
666 Fifth Avenue
New York, New York, 10103
Tel: 212-318-3000
Fax: 212-318-3400
*Counsel for Defendants Pack, Savage,*
*and the Corporate Defendants*

_____                    Dated: _____
Brendon A. Pack, *Defendant*

_____                    Dated: _5-12-2014_
Michael M. Savage, *Defendant*

_____                    Dated: _5-12-2014_
The Tax Club, Inc., *Defendant*

44

Dated: _____

_____
Judy S. Prosper
Office of the Attorney General
Westchester Regional Office
101 East Post Road
White Plains, New York 10601
Tel: 914-422-8824
Fax: 914-422-8706
*Counsel for Plaintiff State of New York*

## FOR THE DEFENDANTS:

Dated: _____

_____
Judith A. Archer
Peter Guirguis
Sarah E. O'Connell
Fulbright & Jaworski. L.L.P
666 Fifth Avenue
New York, New York, 10103
Tel: 212-318-3000
Fax: 212-318-3400
*Counsel for Defendants Pack, Savage,*
*and the Corporate Defendants*

_____
Brendon A. Pack, *Defendant*

Dated: ___5/11/14___

_____
Michael M. Savage, *Defendant*

Dated: _____

_____
The Tax Club, Inc., *Defendant*

Dated: _____

44

Manhattan Professional Group, Inc., *Defendant*

Dated: 5-12-2014

5410, Inc., *Defendant*

Dated: 5-12-2014

Marble Base, Inc., *Defendant*

Dated: _____

6015, LLC, *Defendant*

Dated: 5-12-2014

Ikongo, Inc., *Defendant*

Dated: 5-12-2014

Tabuya, Inc., *Defendant*

Dated: _____

Visavis, Inc., *Defendant*

Dated: 5-12-2014

HB Marketing, LLC, *Defendant*

Dated: 5-12-2014

Premier Coaching & Consulting, LLC, *Defendant*

Dated: 5-12-2014

45

Skorpios Holdings, Inc. *Defendant*

Dated: 5-12-2014

Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Pack*

Dated: _____

Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Savage*

Dated: 5-12-2014

Tunkol, LLC, as to
Sections V.G, VI and VII *by Defendant Savage*

Dated: 5-12-2014

4142 California Avenue, LLC, as to
Sections V.G, VI and VII

Dated: 5-12-2014

Courtney Pack, as to Section V.E, only

Dated: _____

Sandra C. Savage, as to
Section V.H, only

Dated: 5-7-2014

IT IS SO ORDERED.

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

46

Dated: _____

Skorpios Holdings, Inc. *Defendant*

_____

Dated: __5/11/14__

Harbor Live Work, LLC, as to
Sections V.C, VI, and VII *by Defendant Pack*

_____

Dated: _____

Harbor Live Work, LLC, as to
Sections V.C. VI, and VII *by Defendant Savage*

_____

Dated: _____

Tunkol, LLC, as to
Sections V.G, VI and VII *by Defendant Savage*

_____

Dated: _____

4142 California Avenue, LLC, as to
Sections V.G, VI and VII

_____

Dated: __5/11/14__

Courtney Pack, as to Section V.E, only

_____

Dated: _____

Sandra C. Savage, as to
Section V.H. only

IT IS SO ORDERED.

_____

HON. JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: _____

46

_____
Manhattan Professional Group, Inc., *Defendant*

Dated: _____

_____
5410, Inc., *Defendant*

Dated: _____

_____
Marble Base, Inc., *Defendant*

Dated: ___5/11/14_____

_____
6015, LLC, *Defendant*

Dated: _____

_____
Ikongo, Inc., *Defendant*

Dated: _____

_____
Tahuya, Inc., *Defendant*

Dated: ___5/11/14_____

_____
Visavis, Inc., *Defendant*

Dated: _____

_____
HB Marketing, LLC, *Defendant*

Dated: _____

_____
Premier Coaching & Consulting. LLC. *Defendant*

Dated: _____

45